| | |
|---|---|
| E. Leon Carter (*pro hac vice* pending)<br>lcarter@carterarnett.com<br>Scott W. Breedlove (*pro hac vice* pending)<br>sbreedlove@carterarnett.com<br>Bradley D. Liddle (*pro hac vice* pending)<br>bliddle@carterarnett.com<br>Theresa M. Dawson (*pro hac vice* pending)<br>tdawson@carterarnett.com<br>Michael C. Pomeroy (*pro hac vice* pending)<br>mpomeroy@carterarnett.com<br>CARTER ARNETT PLLC<br>8150 N. Central Expy, Suite 500<br>Dallas, Texas 75206<br>214-550-8188 (Telephone)<br>214-550-8185 (Facsimile)<br><br>Michael Amberg<br>michael.amberg@us.kwm.com<br>KING & WOOD MALLESONS LLP<br>2500 Sand Hill Road, Suite 111<br>Menlo Park, CA 94025<br>Telephone: (650) 858-1285<br><br>*Counsel for Plaintiff LED Wafer Solutions LLC* | John M. Desmarais (CA SBN 320875)<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, California 94111<br>Tel: (415) 573-1900<br>jdesmarais@desmaraisllp.com<br><br>Cosmin Maier (*pro hac vice*)<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, New York 10169<br>Tel: (212) 351-3400<br>cmaier@desmaraisllp.com<br><br>*Counsel for Defendants*<br>*Samsung Electronics Co., Ltd. and*<br>*Samsung Electronics America, Inc.*<br><br>Michael Eisenberg (*pro hac vice* pending)<br>STEPTOE & JOHNSON LLP<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 506-3931<br><br>Jamie L. Lucia<br>STEPTOE AND JOHNSON LLP<br>One Market Plaza<br>Spear Tower, Suite 3900<br>San Francisco, CA 94105<br>(415) 365-6711<br><br>*Counsel for Intervenor-Defendant Seoul*<br>*Semiconductor Co., Ltd.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LED Wafer Solutions LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Samsung Electronics Co., Ltd.,<br>Samsung Electronics America, Inc.,<br><br>    Defendant,<br><br>Seoul Semiconductor Co., Ltd.<br>    Intervenor-Defendant | Case No. 3:22-cv-04809-VC<br><br>STIPULATION AND ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. The parties may jointly submit any proposed modifications to the Court.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

STIPULATION AND ORDER RE: DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION FOR PATENT LITIGATION

2

Case No. 3:22-cv-04809-VC

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests.[1] The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

---

[1] For purposes of this Order, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") shall be considered a single party.

1  12. Nothing in this Order prevents the parties from agreeing to use technology assisted
2  review and other techniques insofar as their use improves the efficacy of discovery. Such topics
3  should be discussed pursuant to the District's E-Discovery Guidelines.

4
5      **IT IS SO STIPULATED**, through Counsel of Record.

6  Dated: October 19, 2022

7  /s/ Michael Pomeroy
   E. Leon Carter (*pro hac vice* pending)
   Scott W. Breedlove (*pro hac vice* pending)
8  Bradley D. Liddle (*pro hac vice* pending)
   Theresa M. Dawson (*pro hac vice* pending)
9  Michael C. Pomeroy (*pro hac vice* pending)
   CARTER ARNETT PLLC
10 8150 N. Central Expy, Suite 500
   Dallas, Texas 75206
11 214-550-8188 (Telephone)
   214-550-8185 (Facsimile)

12 Michael Amberg
13 michael.amberg@us.kwm.com
   KING & WOOD MALLESONS LLP
14 2500 Sand Hill Road, Suite 111
   Menlo Park, CA 94025
15 Telephone: (650) 858-1285

16 *Counsel for Plaintiff LED Wafer Solutions LLC*

17
   /s/ Cosmin Maier
18 John M. Desmarais (CA SBN 320875)
   DESMARAIS LLP
19 101 California Street
   San Francisco, California 94111
20 Tel: (415) 573-1900
   Fax: (415) 573-1901
21 jdesmarais@desmaraisllp.com

22 Cosmin Maier*
   Yung-Hoon Ha*
23 Taeg Sang Cho*
   Benjamin N. Luehrs*
24 Frederick J. Ding*
   Jordan Owens*
25 DESMARAIS LLP
   230 Park Avenue
26 New York, New York 10169
   Tel: (212) 351-3400

27
28  **STIPULATION AND** ORDER RE: DISCOVERY        4        Case No. 3:22-cv-04809-VC
    OF ELECTRONICALLY STORED
    INFORMATION FOR PATENT LITIGATION

Fax: (212) 351-3401
cmaier@desmaraisllp.com
yha@desmaraisllp.com
tcho@desmaraisllp.com
bluehrs@desmaraisllp.com
fding@desmaraisllp.com
jowens@desmaraisllp.com

David J. Cho (CA SBN 319190)
DESMARAIS LLP
1899 Pennsylvania Avenue NW
Washington, D.C. 20006
Tel: (202) 451-4922
Fax: (202) 451-4901
dcho@desmaraisllp.com

*Pro hac vice*

*Counsel for Defendants
Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc.*


*/s/ Michael Eisenberg*
Michael Eisenberg (*pro hac vice* pending)
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 506-3931

Jamie L. Lucia
STEPTOE AND JOHNSON LLP
One Market Plaza
Spear Tower, Suite 3900
San Francisco, CA 94105
(415) 365-6711

*Counsel for Intervenor-Defendant
Seoul Semiconductor Co., Ltd.*

---

**STIPULATION AND** ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION

5

Case No. 3:22-cv-04809-VC

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: 10/28/2022

_____
LISA J. CISNEROS
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filings to all registered counsel.

Dated: October 19, 2022                    /s/ Cosmin Maier

**STIPULATION AND [PROPOSED]** ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION

Case No. 3:22-cv-04809-VC