1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LED Wafer Solutions LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Samsung Electronics Co., Ltd.,<br>Samsung Electronics America, Inc.,<br><br>　　　　　Defendants,<br><br>Seoul Semiconductor Co., Ltd.<br><br>　　　　　Intervenor-Defendant. | Case No.  3:22-cv-04809-VC<br><br>**STIPULATED [PROPOSED]**<br>**PROTECTIVE ORDER FOR**<br>**LITIGATION INVOLVING PATENTS,**<br>**HIGHLY SENSITIVE**<br>**CONFIDENTIAL INFORMATION**<br>**AND/OR TRADE SECRETS**<br>***AS MODIFIED BY THE COURT*** |

1. PURPOSES AND LIMITATIONS

　　　Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 17.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, a Party's affiliate, or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party, a Party's affiliate, or of a Party's competitor. The Definition of "Expert" includes consultants, and thus "Expert," "Consultant," "Outside Consultant" have the same meaning in this Order.

2.8    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items: extremely sensitive "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY" Information or Items representing computer source code, live data (that is, data as it exists residing in a database or databases), hardware description language (HDL), circuit simulation files, non-programming files that are part of a source code repository (e.g., README, changelog, version history, log and input files), design files (e.g., schematics, netlists, and layout files), microcode, and/or similarly sensitive code or schematics (e.g., representations of any silicon mask or circuit design, diagram, or blueprint containing specific gate-level circuit design representations) ("Source Code Material"), disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE" Information or Items: extremely sensitive "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items representing fabrication processes documentation (e.g., process flow specifications, operating specifications, process sequence documents, die layout files, and process recipes) (collectively, "Process Recipes"), disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11    HIGHLY SENSITIVE MATERIAL: Protected Material that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE"

2.12    House Counsel: attorneys who are employees, directors, or officers of a Party. House Counsel does not include Outside Counsel of Record.

2.13    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.14    Outside Counsel of Record: outside counsel who appears on the pleadings as counsel for a Party or who has entered an appearance in this action.  Outside Counsel of Record does not include any person who is an employee, director, or officer of a Party or a Party's affiliates whether or not that person appears on the pleadings or enters an appearance in this

1   action.

2       2.15    Party: any party to this action, including all of its officers, directors, and

3   employees.

4       2.16    Producing Party: a Party or Non-Party that produces Disclosure or Discovery

5   Material in this action.

6       2.17    Professional Vendors: persons or entities that provide litigation support services

7   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

8   organizing, storing, or retrieving data in any form or medium) and their employees and

9   subcontractors.

10      2.18    Protected Material: any Disclosure or Discovery Material that is, individually or

11  collectively, designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

12  ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

13  ONLY – SOURCE CODE," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

14  ONLY – PROCESS RECIPE." "Designated Material" means "Protected Material."

15      2.19    Receiving Party: a Party that receives Disclosure or Discovery Material from a

16  Producing Party.

17  3.  SCOPE

18      The protections conferred by this Stipulation and Order cover not only Protected Material

19  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

20  all copies, reproductions, excerpts, digests, compilations, or complete or partial summaries of

21  Protected Material; and (3) any testimony, conversations, or presentations by Parties or their

22  Counsel that might reveal Protected Material. However, the protections conferred by this

23  Stipulation and Order do not cover the following information: (a) any information that is in the

24  public domain at the time of disclosure to a Receiving Party or becomes part of the public domain

25  after its disclosure to a Receiving Party as a result of publication not involving a violation of this

26  Order, including becoming part of the public record through trial or otherwise; and (b) any

27  information known to the Receiving Party prior to the disclosure or obtained by the Receiving

28  Party after the disclosure from a source who obtained the information lawfully and under no

4

1    obligation of confidentiality to the Designating Party.

2    4.   DURATION

3        Even after final disposition of this litigation, the confidentiality obligations imposed by this

4    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

5    otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

6    and defenses in this action, with or without prejudice; and (2) final judgment herein after the

7    completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

8    including the time limits for filing any motions or applications for extension of time pursuant to

9    applicable law.

10   5.   DESIGNATING PROTECTED MATERIAL

11       5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party

12   may designate as confidential for protection under this Order, in whole or in part, any document,

13   information, or material that constitutes or includes, in whole or in part, Protected Material. Each

14   Party or Non-Party that designates information or items for protection under this Order must take

15   care to limit any such designation to specific material that qualifies under the appropriate

16   standards. To the extent it is practical to do so, the Designating Party must designate for protection

17   only those parts of material, documents, items, or oral or written communications that qualify – so

18   that other portions of the material, documents, items, or communications for which protection is

19   not warranted are not swept unjustifiably within the ambit of this Order.

20       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

21   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

22   unnecessarily encumber or retard the case development process or to impose unnecessary

23   expenses and burdens on other parties) expose the Designating Party to sanctions.

24       If it comes to a Designating Party's attention that information or items that it designated

25   for protection do not qualify for protection at all or do not qualify for the level of protection

26   initially asserted, that Designating Party must promptly notify all other parties that it is

27   withdrawing the mistaken designation.

28       5.2   Manner and Timing of Designations. Except as otherwise provided in this Order

United States District Court
Northern District of California

1    (see, e.g., Section 5.2(b) below), or as otherwise stipulated or ordered, the Producing Party shall

2    make reasonable efforts to designate Disclosure or Discovery Material that qualifies for protection

3    under this Order before the material is disclosed or produced.

4            Designation in conformity with this Order requires:

5            (a) for information in documentary form (e.g., paper or electronic documents, but

6    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

7    affix the legend, "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

8    ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," or

9    "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE" to each

10   page of the Protected Material.

11           A Party or Non-Party that makes original documents or materials available for inspection

12   need not designate them for protection until after the inspecting Party has indicated which material

13   it would like copied and produced. During the inspection and before the designation, all of the

14   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

15   OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents

16   it wants copied and produced, the Producing Party must determine which documents, or portions

17   thereof, qualify for protection under this Order. Then, before producing the specified documents,

18   the Producing Party must affix the appropriate legend (""CONFIDENTIAL," "CONFIDENTIAL

19   – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS'

20   EYES ONLY – SOURCE CODE," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

21   ONLY – PROCESS RECIPE") to each page of the Protected Material.

22           (b) Parties may, at a deposition or hearing or within fifteen (15) days after receipt of a

23   deposition or hearing transcript, designate the deposition or hearing transcript or any portion

24   thereof as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"

25   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," or

26   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE" pursuant to

27   this Order.  Access to the deposition or hearing transcript so designated shall be limited in

28   accordance with the terms of this Order.  Until expiration of the 15-day period, the entire

United States District Court
Northern District of California

6

1   deposition or hearing transcript shall be treated as CONFIDENTIAL – OUTSIDE ATTORNEYS'

2   EYES ONLY.

3          For deposition and hearing transcripts, the words "CONFIDENTIAL," "CONFIDENTIAL

4   – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS'

5   EYES ONLY – SOURCE CODE," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

6   ONLY – PROCESS RECIPE" shall be placed on the cover page of the transcript (if not already

7   present on the cover page of the transcript when received from the court reporter) by each attorney

8   receiving a copy of the transcript after that attorney receives notice of the designation of some or

9   all of that transcript under the foregoing confidentiality classifications.

10         (c) for information produced in some form other than documentary and for any other

11   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

12   or containers in which the information or item is stored the legend words "CONFIDENTIAL,"

13   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE

14   ATTORNEYS' EYES ONLY – SOURCE CODE," or "CONFIDENTIAL – OUTSIDE

15   ATTORNEYS' EYES ONLY – PROCESS RECIPE." If only a portion or portions of the

16   information or item warrant protection, the Producing Party, to the extent practicable, shall

17   identify the protected portion(s) and specify the level of protection being asserted.

18         5.3    Inadvertent or Unintentional Failures to Designate. Inadvertent or unintentional

19   production of documents, information, or material that has not been designated as Protected

20   Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

21   Any Party that inadvertently or unintentionally produces Protected Material without previously

22   designating it may request destruction of that Protected Material by notifying the recipient(s) as

23   soon as reasonably possible after the Producing Party becomes aware of the inadvertent or

24   unintentional disclosure, and providing replacement Protected Material that is properly designated.

25   The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced

26   Protected Materials and any documents, information, or material derived from or based thereon.

27   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

28         6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

United States District Court
Northern District of California

7

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Designated Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, they shall file a joint letter in accordance with the procedures set forth in Section F.5 of the undersigned's Standing Order, which is available at https://www.cand.uscourts.gov/wp-content/uploads/judges/cisneros-ljc/LJC-StandingOrder.pdf.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the

8

1    material in question the level of protection to which it is entitled under the Producing Party's

2    designation until the court rules on the challenge.

3    7.   ACCESS TO AND USE OF PROTECTED MATERIAL

4        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

5    produced by another Party or by a Non-Party in connection with this case only for prosecuting,

6    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

7    the categories of persons and under the conditions described in this Order. When the litigation has

8    been terminated, a Receiving Party must comply with the provisions of Section 18 below (FINAL

9    DISPOSITION).

10       Protected Material must be stored and maintained by a Receiving Party at a location and in

11   a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

12       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

13   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

14   information or item designated "CONFIDENTIAL" only to:

15       (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

16   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

17   this litigation;

18       (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

19   reasonably necessary for this litigation and who have signed the "Acknowledgment and

20   Agreement to Be Bound" (Exhibit A), provided that the Receiving Party has complied with the

21   procedures set out in Section 14 below;

22       (c) the court, its technical advisor (if one is appointed), its personnel, the jury in this action,

23   any designated arbitrator or mediator who is assigned to hear this matter and its personnel;

24       (d) court reporters and their staff, professional jury or trial consultants, and Professional

25   Vendors to whom disclosure is reasonably necessary for this litigation;

26

27

----

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

United States District Court
Northern District of California

United States District Court
Northern District of California

(e) House Counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this action, or who are assisting Outside Counsel of Record in the litigation of this action.

7.3 <u>Disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that the Receiving Party has complied with the procedures set out in Section 14 below;

(c) the court, its technical advisor (if one is appointed), its personnel, the jury in this action, any designated arbitrator or mediator who is assigned to hear this matter and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

7.4 <u>Disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

to Be Bound" (Exhibit A), provided that the Receiving Party has complied with the procedures set out in Section 14 below;

(d) the court, its technical advisor (if one is appointed), its personnel, the jury in this action, any designated arbitrator or mediator who is assigned to hear this matter and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

7.5    Disclosure of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Certification of Process Recipe Consultant (Exhibit B), provided that the Receiving Party has complied with the procedures set out in Section 14 below;

(c) the court, its technical advisor (if one is appointed), its personnel, the jury in this action, any designated arbitrator or mediator who is assigned to hear this matter and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

7.6.    Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is:

(a) eligible to have access to the Protected Material by virtue of his or her current employment with the Designating Party;

(b) identified in the Protected Material as an author, addressee, or copy recipient of such

1   information, provided that no one may show Protected Material to an ex-employee of a Producing

2   Party without first notifying the Producing Party and providing the Producing Party with an

3   opportunity to object prior to such disclosure;

4           (c) although not identified as an author, addressee, or copy recipient of such Protected

5   Material, is currently employed by the Designating Party or its affiliates and has, in the ordinary

6   course of business, seen such Protected Material;

7           (d) court reporters and videographers; or

8           (e) otherwise entitled to access to the Designated Material under the provisions of this

9   Protective Order for its specific confidentiality level.

10          Protected Material shall not be disclosed to any other persons unless prior authorization is

11  obtained from counsel representing the Producing Party or from the Court.  At the request of any

12  Designating Party, persons not permitted access to that Party's Protected Material under the terms

13  of this Protective Order must not be present for any portion of a deposition while such Protected

14  Material is discussed, otherwise disclosed, or the subject of questioning.

15  8.  PROSECUTION BAR

16          Any attorney representing a Party, whether in-house or outside counsel, and any person

17  associated with a Party and permitted to receive the other Party's HIGHLY SENSITIVE

18  MATERIAL, who obtains, receives, has access to, or otherwise learns, in whole or in part, the

19  other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute,

20  supervise, or assist in the preparation or prosecution of any patent application pertaining to the

21  field of the alleged invention of the patents-in-suit during the pendency of this action and for one

22  year after its conclusion, including any appeals.  To ensure compliance with the purpose of this

23  provision, each Party shall create an "Ethical Wall" between those persons with access to

24  HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise, or

25  assist in the preparation or prosecution of any patent application pertaining to the field of

26  invention of the patent-in-suit.  Nothing in this Order shall prevent a person with access to

27  HIGHLY SENSITIVE MATERIAL from representing any party in a domestic or foreign post-

28  grant proceedings (e.g., IPR, PGR, reexamination, nullity proceedings, etc.), except that the person

United States District Court
Northern District of California

1    shall not participate—directly or indirectly—in the drafting or amendment of any claim(s) of a

2    patent at issue in this action or a related application.

3         In addition to the above Prosecution Bar, absent express written consent from the

4    Producing Party, any Outside Consultant or Expert who personally receives any material

5    designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - PROCESS RECIPE"

6    from the Producing Party must execute the Certification of Process Recipe Consultant attached as

7    Appendix B in which they agree not to perform product development work for commercial

8    purposes[2] that is directed to semiconductor light-emitting diodes ("LEDs") or light-emitting diode

9    devices[3] ("LED devices"), and/or methods for manufacturing semiconductor LEDs or LED

10   devices until one year following the final termination of this Action (including any appeals).

11   9.   <u>PRODUCTION OF SOURCE CODE</u>

12        (a) Access to a Party's Source Code Material shall be provided only on up to two "stand-

13   alone" computer(s) (that is, the computer may not be linked to any network, including a local area

14   network ("LAN"), an intranet or the Internet) ("Source Code Computers").

15        (b) The Source Code Computers may be connected to (i) monitor(s), keyboard, and mouse;

16   (ii) a printer; and (iii) solely for the limited purposes permitted pursuant to subparagraphs (n) and

17   (p) below, a device capable of temporarily storing electronic copies.

18        (c) Additionally, except as provided in subparagraph (p) below, the Source Code

19   Computers may only be located at the offices of the Producing Party's Outside Counsel of Record

20   in the United States, or another law firm's offices in the United States designated by the Producing

21   Party.

22        (d) The Receiving Party shall make reasonable efforts to restrict its requests for such

---

[2] "Commercial purposes" does not include work directed solely to non-commercial research activities, such as academic research.

[3] Plaintiff currently accuses only phosphor-based LEDs and LED Devices.  Accordingly, "semiconductor light-emitting diodes" refers to semiconductor phosphor-based light-emitting diodes, and "light-emitting diode devices" refers to (a) phosphor-based LEDs for television backlighting and (b) phosphor-based LEDs for flash components in mobile devices, such as cell phones, smartphones, tablets, and mobile computers.  If Plaintiff later accuses non-phosphor-based LEDs, the Parties agree that "light-emitting diode devices" also includes those non-phosphor-based LEDs.

United States District Court
Northern District of California

access to the Source Code Computers to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. local time on weekdays. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Source Code Computers at the offices of its Outside Counsel of Record or another law firm in the United States shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this action.

(e) The Receiving Party shall provide at least ten (10) business days' notice for its first request for access to the Source Code Computers. Except as further agreed by the Producing Party, the Receiving Party shall provide five (5) business days' notice for subsequent requests for access to the Source Code Computers. The Receiving Party must identify in writing to the Producing Party the persons who will be conducting the inspection or will be present during the inspection in the notice. Before being permitted access to the location of the Source Code Computers, any such persons must show government-issued photo identification.

(f) The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced Source Code Material on the Source Code Computers.

(g) The Producing Party will produce Source Code Material in computer searchable format on the Source Code Computers as described above. The Receiving Party may request that commercially available software tools for reviewing and searching Source Code Material be installed on the Source Code Computers. The Receiving Party must provide the Producing Party with a CD/DVD/USB drive or link for obtaining such software tools, and any necessary licenses, at least ten (10) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computers. The Parties agree to install the following software tools without objection, provided that they are compatible with the Source Code Computers' operating system: 7-Zip, WinRar, Notepad++, PowerGrep, Understand. Other mutually agreed upon tools may be used.

United States District Court
Northern District of California

1    (h) Access by the Receiving Party to the Source Code Computers shall be limited to

2    Outside Counsel of Record, employees of such Outside Counsel of Record assigned to and

3    reasonably necessary to assist such counsel in the litigation of this action, and up to four (4)

4    Experts[4] (defined in Section 2.7 and who are not existing employees or affiliates of a Party or an

5    affiliate of a Party or competitor identified by the Producing Party with reasonable specificity)

6    retained for the purpose of this litigation and approved to access such Protected Materials pursuant

7    to Sections 7.4 and 14.

8    (i) The Producing Party shall be entitled to observe all entrances and exits from the review

9    room.  The Producing Party may visually monitor the activities of the Reviewer(s) during any

10   source code review, but only to ensure that there is no unauthorized recording, copying, or

11   transmission of the source code; the Receiving Party will not monitor what is being specifically

12   reviewed on the Source Code Computers' screens, nor will the Producing Party log the keystrokes

13   on the Source Code Computers or otherwise attempt to record the Reviewer(s)' work product.

14   The Producing Party may maintain a source code access log for all access to the Source Code

15   Computers identifying, for each day any Source Code Material is viewed, accessed, or analyzed:

16   (1) the name of each Reviewer; (2) the date and time of access; (3) the date and time at which such

17   access ended; and (4) whether any printouts were requested.

18   (j) A Reviewer shall not bring into the review room, or use in the review room, any

19   electronic devices (including but not limited to laptops, cellular phones, tablets, cameras, flash

20   drives, and voice recorders) other than the Source Code Computers.  A Reviewer shall be entitled

21   to take handwritten notes, which shall be labeled with the words "CONFIDENTIAL – OUTSIDE

22   ATTORNEYS' EYES ONLY – SOURCE CODE" on every page, but may not copy or reproduce

23   lines of Source Code Material into the notes and may not take such notes on the Source Code

24   Computers or any other computer.  The Producing Party will provide the Reviewer(s) with an

25   unmonitored breakout room.  The Reviewer(s) shall not be permitted to bring any materials (other

26

27   _____

28   [4] For the purposes of this paragraph, an Expert is defined to include the Expert's direct reports and other support personnel, such that the disclosure to an Expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single Expert.

1  than handwritten notes) from the review room into the breakout room; but the Reviewer(s) may

2  use in the breakout room electronic devices not permitted in the review room.

3  (k) A Receiving Party may include excerpts not exceeding 30 contiguous lines of code or

4  one-half of one letter-sized page (whichever is smaller) of Source Code Material in an exhibit to a

5  pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided

6  that the Source Code Exhibits are appropriately marked under this Order, restricted to those who

7  are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal

8  in accordance with the Court's rules, procedures, and orders.  To the extent it is necessary to

9  reference Source Code Material in an expert report or other discovery document, the excerpts must

10  be limited to the minimum amount necessary.  For any portions that would exceed 30 contiguous

11  lines or one-half of one letter-sized page (whichever is smaller), and for all correspondence

12  between the Parties, a Party shall not include the excerpt, image, or copy of the Source Code

13  Material, but shall instead refer to the code by citations to Bates numbers and/or file names and

14  line numbers.  Furthermore, in order to safeguard Source Code Material replicated in an expert

15  report (including exhibits and appendices), the Parties agree that any copies of such reports that

16  include any excerpt of the Producing Party's Source Code Material may be transmitted

17  electronically only after compressing the reports with encryption and a password (e.g., using

18  WinZip, 7-Zip) and only through a secured link (e.g., ShareFile) but not as an attachment to an

19  email.

20  (l) To the extent portions of Source Code Material are quoted in a Source Code Exhibit,

21  either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL –

22  OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE or (2) those pages containing quoted

23  Source Code Material will be separately stamped and treated as CONFIDENTIAL – OUTSIDE

24  ATTORNEYS' EYES ONLY – SOURCE CODE.

25  (m) No electronic copies of paper printouts of Source Code Material shall be made without

26  prior written consent of the Producing Party, except as necessary to create documents that,

27  pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

28  (n) The Receiving Party shall be permitted to make a reasonable number of printouts of

United States District Court
Northern District of California

Source Code Material if such printouts are (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); or (3) necessary for deposition; but shall not request paper copies for the purpose of reviewing the code in the first instance.  The Receiving Party shall identify the requested printouts to the Producing Party by communicating the paths, file names, and line numbers; or the Reviewer may create PDFs of the requested printouts with headers or footers showing the paths, file names, and line numbers, in a folder on the Source Code Computers labelled with the date of the request.

Printouts that exceed 50 consecutive pages of source code, or 20% of a specific software release or source code project, shall be presumed excessive.  In the event of a dispute regarding the reasonableness of a printout request, the Parties will meet and confer within three business days of the Producing Party's objection.  If the Parties cannot resolve the dispute, the Receiving Party may, within three business days after the meet and confer, seek the Court's resolution; the burden shall be on the Receiving Party to demonstrate that such portions are no more than a reasonably necessary for a permitted purpose in this action.

If there is no dispute, the Producing Party shall affix Bates numbers to the requested printouts and produce up to three paper copies of the requested printouts to the Receiving Party, all of which shall be designated and clearly labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  If not already included, the Producing Party may brand printouts with their corresponding path and file name.  The Producing Party shall maintain a log of all such files that are printed.

(o) The Receiving Party may not photocopy or reproduce the paper printouts of Source Code Material, absent written agreement of the Producing Party.  Further, paper printouts of Source Code Material may not be transferred back to electronic media, except as necessary to create the limited excerpts permitted by subparagraph (k), which electronic media shall be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and shall continue to be treated as such.

(p) If the Receiving Party's Outside Counsel of Record, Consultants, or Experts obtain printouts of Source Code Material, the Receiving Party shall ensure that such Outside Counsel of

17

Record, Consultants, or Experts keep the printouts in a secured locked area in the offices of such Outside Counsel of Record, Consultants, or Experts within the United States.  The Receiving Party shall maintain a source code access log identifying, for each and every time any paper printouts of Source Code Material are viewed, access, or analyzed: (i) the name of each person who accessed such Source Code Material; (ii) the date of access; and (iii) the location of access.  The Receiving Party must produce such source code access log to the Producing Party within thirty (30) days of final disposition of this action; or, during this action, upon seven (7) business days' advance notice to the Receiving Party by the Producing Party.  The Receiving Party may also temporarily keep the printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); and (ii) any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding).

(q) A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under subparagraph (h) above to another person authorized under subparagraph h above, on paper via hand carry, Federal Express, or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  For the purpose of Court proceeding(s) only, Source Code Material and Source Code Exhibits may be transported electronically on stand-alone computer(s) or removable electronic media, that are secured using 256-bit Advanced Encryption Standard (AES256) encryption.

(r) If a Receiving Party intends to use any printouts of Source Code Material at a deposition, it must notify the Producing Party at least five (5) calendar days before the date of the deposition, identifying the Bates numbers of the specific pages of printouts the Receiving Party intends to use at the deposition.  The Producing Party will bring copies of those portions of the printouts of Source Code Material to the deposition for use by the Receiving Party.  Copies of printouts designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE that are marked as deposition exhibits must not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record shall identify such an exhibit by its Bates numbers.  All printouts of Source Code Material designated CONFIDENTIAL – OUTSIDE

1    ATTORNEYS' EYES ONLY – SOURCE CODE that are brought to a deposition must be

2    collected by the Producing Party at the conclusion of the deposition.

3    10. <u>PRODUCTION OF PROCESS RECIPES</u>

4        (a) Access to a Party's Process Recipes shall be provided only on up to two "stand-alone"

5    computer(s) (that is, the computer may not be linked to any network, including a local area network

6    ("LAN"), an intranet or the Internet) ("Process Recipe Computers") that are distinct from any Source

7    Code Computers.  The Process Recipe Computers may be connected to (i) monitor(s), keyboard,

8    and mouse; (ii) a printer; and (iii) solely for the limited purposes permitted pursuant to

9    subparagraphs (l) and (o) below, a device capable of temporarily storing electronic copies.

10   Additionally, except as provided in subparagraph (o) below, the Process Recipe Computers may

11   only be located at the offices of the Producing Party's Outside Counsel of Record in the United

12   States, or another law firm's offices in the United States designated by the Producing Party.

13       (b) The Receiving Party shall make reasonable efforts to restrict its requests for such access

14   to the Process Recipe Computers to normal business hours, which for purposes of this paragraph

15   shall be 9:00 a.m. through 6:00 p.m. local time on weekdays.  However, upon reasonable notice

16   from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the

17   Receiving Party's request for access to the Process Recipe Computers outside of normal business

18   hours.  The Parties agree to cooperate in good faith such that maintaining the Process Recipe

19   Computers at the offices of its Outside Counsel of Record or another law firm in the United States

20   shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the

21   prosecution or defense of this action.

22       (c) The Receiving Party shall provide at least ten (10) business days' notice for its first

23   request for access to the Process Recipe Computers.  Except as further agreed by the Producing

24   Party, the Receiving Party shall provide five (5) business days' notice for subsequent requests for

25   access to the Process Recipe Computers.  The Receiving Party must identify in writing to the

26   Producing Party the persons who will be conducting the inspection or will be present during the

27   inspection in the notice.  Before being permitted access to the location of the Process Recipe

28   Computers, any such persons must show government-issued photo identification.

1    (d) The Producing Party shall provide the Receiving Party with information explaining how

2    to start, log on to, and operate the Process Recipe Computers in order to access the produced Process

3    Recipes on the Process Recipe Computers.

4    (e) The Producing Party will produce Process Recipes in computer searchable format on the

5    Process Recipe Computers as described above.  The Producing Party will install on the Process

6    Recipe Computers such software tools as are reasonably necessary to open and view the Process

7    Recipes.

8    (f) Access by the Receiving Party to the Process Recipe Computers shall be limited to

9    Outside Counsel of Record, employees of such Outside Counsel of Record assigned to and

10   reasonably necessary to assist such counsel in the litigation of this action, and up to four (4) Experts

11   (defined in Section 2.7 and who are not existing employees or affiliates of a Party or an affiliate of

12   a Party or competitor identified by the Producing Party with reasonable specificity) retained for the

13   purpose of this litigation and approved to access such Process Recipes pursuant to Sections 7.5 and

14   14 above (each a "Process Recipe Reviewer").

15   (g) The Producing Party shall be entitled to observe all entrances and exits from the review

16   room.  The Producing Party may visually monitor the activities of the Process Recipe Reviewer(s)

17   during any review, but only to ensure that there is no unauthorized recording, copying, or

18   transmission of the Process Recipes; the Receiving Party will not monitor what is being specifically

19   reviewed on the Process Recipe Computers' screens, nor will the Producing Party log the keystrokes

20   on the Process Recipe Computers or otherwise attempt to record the Process Recipe Reviewer(s)'

21   work product.  The Producing Party may maintain a process recipe access log for all access to the

22   Process Recipe Computers identifying, for each day any Process Recipes is viewed, accessed, or

23   analyzed: (1) the name of each Process Recipe Reviewer; (2) the date and time of access; (3) the

24   date and time at which such access ended; and (4) whether any printouts were requested.

25   (h) A Process Recipe Reviewer shall not bring into the review room, or use in the review

26   room, any electronic devices (including but not limited to laptops, cellular phones, tablets, cameras,

27   flash drives, and voice recorders) other than the Process Recipe Computers, any non-electronic

28   devices capable of similar functionality, or any loose paper.  A Process Recipe Reviewer shall be

20

entitled to take handwritten notes in spiral- or permanently-bound notebooks, which shall be labeled with the words "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPES" on every page, but may not copy or reproduce Process Recipes into the notes and may not take such notes electronically on the Process Recipe Computers or any other computer.  The Producing Party will provide the Process Recipe Reviewer(s) with an unmonitored breakout room. The Process Recipe Reviewer(s) shall not be permitted to bring any materials (other than handwritten notes) from the review room into the breakout room; but the Process Recipe Reviewer(s) may use in the breakout room electronic devices not permitted in the review room.

(i) A Receiving Party may include excerpts not exceeding 25 contiguous printed lines or one-half of one letter-sized page (whichever is smaller) of Process Recipes in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Process Recipe Exhibits"), provided that the Process Recipe Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and that the Parties follow the procedures below in this subparagraph in connection with any filing with the Court.  To the extent it is necessary to reference Process Recipes in an expert report or other discovery document, the excerpts must be limited to the minimum amount necessary.  For any portions that would exceed 25 contiguous lines or one-half of one letter-sized page (whichever is smaller), and for all correspondence between the Parties, a Party shall not include the excerpt, image, or copy of the Process Recipes, but shall instead refer to the material by citations to Bates numbers and/or file names and pincites.  Furthermore, in order to safeguard Process Recipes replicated in an expert report (including exhibits and appendices), the Parties agree that any copies of such reports that include any excerpt of the producing Party's Process Recipes may be transmitted electronically only after compressing the reports with encryption and a password (e.g., using WinZip, 7-Zip) and only through a secured link (e.g., ShareFile) but not as an attachment to an email.

If the Receiving Party reasonably believes that it needs to submit a portion of Process Recipes designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPES as part of a filing with the Court, the parties must meet and confer as to how to make such a filing while protecting the confidentiality and highly sensitive nature of the Process Recipes.  If

United States District Court
Northern District of California

the parties are unable to reach agreement at the meet and confer regarding how such filing shall be made, the Receiving Party agrees that it must observe the following minimum protections: (i) it will rely on expert declarations or other means to describe the relevant feature or functionality of the Process Recipes (including by citation to the Bates numbers and/or file names and pincites), rather than copying portions of the Process Recipes into a filing, to the extent possible; (ii) if any portion of Process Recipes is included in a filing, the Receiving Party will copy the minimal amount of Process Recipes that is necessary for purposes of that filing; (iii) the filing will be made only under seal under the procedures for highly sensitive documents, and all confidential information concerning the Process Recipes must be redacted or removed in any public versions of the filed documents; and (iv) the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Process Recipes excerpted in connection with a filing must at all times be limited to individuals who are expressly authorized to access CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPES materials under Section 7.5.

(j) To the extent portions of Process Recipes are quoted or excerpted in a Process Recipe Exhibit, either (1) the entire Process Recipe Exhibit will be stamped and treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPES; or (2) those pages containing quoted or excerpted Process Recipes will be separately stamped and treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPES.

(k) No electronic copies of paper printouts of Process Recipes shall be made without prior written consent of the Producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(l) The Receiving Party shall be permitted to make a reasonable number of printouts of specific portions of Process Recipes if such printouts are (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); or (3) necessary for deposition; but shall not request paper copies for the purpose of reviewing Process Recipes in the first instance.  The Receiving Party shall identify the requested printouts to the Producing Party by communicating the paths, file names, and (if applicable) pincites. In the event of a dispute regarding the reasonableness of a printout request, the Parties will

1  meet and confer within three business days of the Producing Party's objection.  If the Parties cannot

2  resolve the dispute, the Receiving Party may, within three business days after the meet and confer,

3  seek the Court's resolution; the burden shall be on the Receiving Party to demonstrate that such

4  portions are no more than is reasonably necessary for a permitted purpose in this action.

5       If there is no dispute, the Producing Party shall affix Bates numbers to the requested printouts

6  and produce two paper copies of the requested printouts to the Receiving Party, all of which shall

7  be designated and clearly labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

8  PROCESS RECIPES."  The Producing Party may brand printouts with their corresponding path and

9  file name.  The Producing Party shall maintain a log of all such files that are printed.

10       (m) The Receiving Party may not photocopy or reproduce the paper printouts of Process

11  Recipes, absent written agreement of the Producing Party.  Further, paper printouts of Process

12  Recipes may not be transferred back to electronic media, except as necessary to create the limited

13  excerpts permitted by subparagraph (i), which electronic media shall be labeled "CONFIDENTIAL

14  – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPES" and shall continue to be treated

15  as such.

16       (n) If a Receiving Party obtains printouts of Process Recipes, the Receiving Party shall

17  ensure that it keeps the printouts in a secured locked area in the offices of its Outside Counsel of

18  Record within the United States.  Consultants and Experts that obtain printouts of Process Recipes

19  must store all such printouts in an appropriate gun safe that is not easily movable for security

20  purposes.  The Receiving Party shall maintain a process recipe access log identifying, for each and

21  every time any paper printouts of Process Recipes are viewed, access, or analyzed: (i) the name of

22  each person who accessed such Process Recipes; (ii) the date of access; and (iii) the location of

23  access.  The Receiving Party must produce such process recipe access log to the Producing Party

24  within thirty (30) days of final disposition of this action; or, during this action, upon seven (7)

25  business days' advance notice to the Receiving Party by the Producing Party.  The Receiving Party

26  may also temporarily keep the printouts at: (i) the Court for any proceedings(s) relating to the

27  Process Recipes, for the dates associated with the proceeding(s); and (ii) any intermediate location

28  reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding).

1         (o) A Producing Party's Process Recipes may only be transported by the Receiving Party at

2    the direction of a person authorized under subparagraph (f) above to another person authorized under

3    subparagraph (f) above, on paper via hand carry, Federal Express, or other similarly reliable courier.

4    Process Recipes may not be transported or transmitted electronically, including over a network of

5    any kind, such as a LAN, an intranet, or the Internet; but for the purpose of Court proceeding(s)

6    only, Process Recipes and Process Recipe Exhibits may be transported electronically on stand-alone

7    computer(s) or removable electronic media, that are secured using 256-bit Advanced Encryption

8    Standard (AES256) encryption.

9         (p) If a Receiving Party intends to use any printouts of Process Recipes at a deposition, it

10   must notify the Producing Party at least five (5) calendar days before the date of the deposition,

11   identifying the Bates numbers of the specific pages of printouts the Receiving Party intends to use

12   at the deposition.  The Producing Party will bring copies of those portions to the deposition for use

13   by the Receiving Party.  Copies of printouts designated CONFIDENTIAL – OUTSIDE

14   ATTORNEYS' EYES ONLY – PROCESS RECIPES that are marked as deposition exhibits must

15   not be provided to the court reporter or attached to deposition transcripts; rather, the deposition

16   record shall identify such an exhibit by its Bates numbers.  All printouts of Process Recipes

17   designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPES

18   that are brought to a deposition must be collected by the Producing Party at the conclusion of the

19   deposition.

20   11. <u>PRODUCTION OF FINANCIAL SUMMARIES</u>

21        In satisfaction of its discovery obligations or otherwise, Samsung Electronics Co., Ltd. or

22   Samsung Electronics America, Inc. (individually or collectively, "Samsung") may generate certain

23   financial summaries for the purpose of this action.  Samsung may produce such financial

24   summaries in native form (i.e., Excel, CSV, or similar database or delimited form).  The original

25   and any copies of such financial summaries must at all times be stored in an encrypted container

26   using 256-bit Advanced Encryption Standard (AES256) encryption (or equivalent strength

27   encryption) and having a passphrase of at least 20 characters in length.  Financial summaries shall

28   not be transmitted over email.  The encrypted container may be transmitted, separate from its

United States District Court
Northern District of California

24

passphrase, by secure file transfer or by hard drive.

12. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL,"

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY – SOURCE CODE," or "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY – PROCESS RECIPE," that Party must:

(a) notify in writing (by email or overnight courier) the Designating Party as soon as

reasonably possible and in any event, before any compliance under such subpoena or court order is

requested or required. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this

Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.[5]

If the Designating Party timely seeks a protective order, the Party served with the subpoena

or court order shall not produce any information designated in this action "CONFIDENTIAL,"

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY – SOURCE CODE," or "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY – PROCESS RECIPE" before a determination by the court from

which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission. By entering this Order and limiting the disclosure of information in this case, the

Court does not intend to preclude another court from finding that information may be relevant and

subject to disclosure in another case.

---

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

13. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A Third Party's use of this Order to protect its documents, information, or other material does not entitle that Third Party to access Designated Material produced by any Party.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

     i.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    ii.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

   iii.   make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the court.[6] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d) To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE" any documents, information, or other material, in whole or in part, produced by such Third Parties. Consistent with Section 7, a Party may designate Third Party-produced documents, information, or other material that constitutes or includes, in whole or in part, the Party's own confidential or proprietary information or trade secrets, whether or not the producing Third Party so designates. The Parties and Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order. Nothing in this Order prevents a Receiving Party from contending that any or all material or information designated by the Third Party have been improperly designated. The procedure for challenging a Third Party's confidentiality designations shall be the same as those set forth for Parties set forth in Section 6.

14. DISCLOSURE OF EXPERTS (INCLUDING CONSULTANTS)

Each Expert  to whom a Receiving Party intends to disclose another Party's Designated Material in accordance with the terms of this Order shall first be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A. In addition, absent express written consent from Samsung permitting otherwise, any Expert who will receive

---

[6] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

United States District Court
Northern District of California

any material designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE" from Samsung must first execute the Certification of Process Recipe Consultant attached as Appendix B in which they agree not to perform product development work for commercial purposes that is directed to semiconductor light-emitting diodes ("LEDs") or light-emitting diode devices ("LED devices"), and/or methods for manufacturing semiconductor LEDs or LED devices until one year following the final termination of this Action (including any appeals).

Before a Receiving Party discloses another Party's Designated Material to any Consultant or Expert, the Receiving Party must provide advance written notice by email to the designating Party's counsel at least ten (10) days before the Designated Material is given to that Consultant or Expert.

(a) Such notice must include:

    i.  the individual's name, title, and employer;

    ii.  a signed copy of the Expert's Acknowledgement and Agreement to Be Bound (attached as Exhibit A);

    iii.  a current curriculum vitae;

    iv.  if not included in the curriculum vitae, a list of all other cases in which the individual has provided a report or testified (at trial or deposition) within the last five years;

    v.  if not included in the curriculum vitae, a list of all companies with which the individual has been employed or consulted within the last four years and a brief description of the subject matter of the consultancy or employment;

    vi.  any past, present, or anticipated relationship of the individual with any of the Parties (and/or their predecessors or successors in interest);

    vii.  an identification of any companies, individuals, or entities with which the individual has been employed or consulted relating to the design, development, operation, or patenting of semiconductor light-emitting diodes ("LEDs") or light-emitting diode devices ("LED devices"), and/or methods

1     for manufacturing semiconductor LEDs or LED devices; and

2          viii.   if applicable, a signed copy of the Expert's Certification of Process Recipe

3               Consultant (attached as Exhibit B).

4     (b) During the pendency of this action, including all appeals, the Party seeking to

5          disclose Designated Material shall immediately provide written notice of any

6          change with respect to the Expert's involvement in the design, development,

7          operation, or patenting of semiconductor light-emitting diodes ("LEDs") or light-

8          emitting diode devices ("LED devices"), and/or methods for manufacturing

9          semiconductor LEDs or LED devices.

10    (c) Employees or staff of an Expert assisting in the Expert's analysis who are not

11         performing substantive review and/or who would have no additional information to

12         disclose under this paragraph, are not required to be disclosed in accordance with

13         the procedures of this Section and may access Protected Material upon access being

14         duly provided to the Consultant or Expert, provided that the disclosed Expert

15         associated with those employees or staff makes such employees or staff aware of

16         the restrictions on the disclosure and use of Protected Material under this Protective

17         Order and the disclosed Expert assumes responsibility for the employees' or staff's

18         compliance with the restrictions of this Protective Order.

19    Upon receiving the notice of the Expert, the Designating Party may object by notifying the

20    Receiving Party in writing that it objects to disclosure of Protected Material to the Expert.  The

21    Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties

22    are unable to resolve any objection, the objecting Party may file a motion with the Court within

23    ten (10) days of receipt of the notice, or within such other time as the Parties may agree, seeking a

24    protective order with respect to the proposed disclosure.  The objecting Party shall have the burden

25    of proving the need for a protective order.  No disclosure shall occur until all such objections are

26    resolved by agreement or Court order.

27    15. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

29

1  Material to any person or in any circumstance not authorized under this Stipulated Protective

2  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

3  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

4  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

5  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

6  Agreement to Be Bound" that is attached as Exhibit A and the Certification of Process Recipe

7  Consultant that is attached as Exhibit B (if applicable).

8  16. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
      MATERIAL

9

10         When a Producing Party gives notice to Receiving Parties that certain inadvertently

11  produced material is subject to a claim of privilege or other protection, upon receiving notification,

12  the recipient(s) shall immediately gather and return all copies of such documents, information, or

13  other material to the Producing Party, and shall immediately destroy any notes or other writings or

14  recordings that summarize, reflect, or discuss the specific content of such clawed-back documents.

15  No use may be made of such documents or information until further Order of the Court.  The

16  recipient(s) may move the Court for an Order compelling production of any such produced or

17  disclosed document or information, but the motion may not assert as a ground for production the

18  fact or circumstances of the production or disclosure, nor the contents of the materials that were

19  gained due to the inadvertent production. This provision is not intended to modify whatever

20  procedure may be established in an e-discovery order that provides for production without prior

21  privilege review. The Parties agree that the Parties have taken reasonable steps to prevent

22  disclosure of privileged material; therefore, if privileged documents are disclosed, the disclosure

23  will be deemed inadvertent.  For example, the mere production of privileged or work-product-

24  protected documents in this case as part of a mass production is not itself a waiver in this case or

25  in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum

26  protection allowed by Fed. R. Evid. 502(d).

27  17. MISCELLANEOUS

28         17.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek

1    its modification by the court in the future.

2        17.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order

3    no Party waives any right it otherwise would have to object to disclosing or producing any

4    information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

5    Party waives any right to object on any ground to use in evidence of any of the material covered

6    by this Protective Order.

7        17.3 <u>No Export of Source Code and Process Recipes</u>. Any Designated Material that is

8    designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

9    and/or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE"—

10   including, for the avoidance of doubt, all copies, duplicates, extracts, summaries, or descriptions of

11   such material, Source Code Exhibits, and Process Recipe Exhibits—may not be exported outside

12   the United States or released to any foreign national (even if within the United States) unless the

13   Producing Party has provided prior written consent.

14       17.4 <u>Filing Protected Material</u>. This order is not meant to prevent any Party from using

15   Protected Material in a filing or other submission to the Court. However, without written

16   permission from the Designating Party or a court order secured after appropriate notice to all

17   interested persons, a Party may not file in the public record in this action any Protected Material.

18   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-

19   5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing

20   of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will

21   issue only upon a request establishing that the Protected Material at issue is privileged, protectable

22   as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to

23   file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, the

24   court will determine whether to consider the information sought for sealing and require its public

25   filing, permit its withdrawal without considering the information, or order any other disposition it

26   deems proper pursuant to Civil Local Rule 79-5.

27   18. <u>FINAL DISPOSITION</u>

28       Within 60 days after the final disposition of this action, as defined in Section 4, each

United States District Court
Northern District of California

31

1    Receiving Party must, at the Producing Party's election, either return all Protected Material to the

2    Producing Party or destroy such material. As used in this subdivision, "all Protected Material"

3    includes all copies, abstracts, compilations, summaries, and any other format reproducing or

4    capturing any of the Protected Material (excluding excerpts or extracts incorporated into any

5    privileged work product of the Parties' counsel). Whether the Protected Material is returned or

6    destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

7    not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies

8    (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)

9    affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or

10   any other format reproducing or capturing any of the Protected Material. Notwithstanding this

11   provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,

12   deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

13   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

14   such materials contain Protected Material and without redacting such Protected material. Any such

15   archival copies that contain or constitute Protected Material remain subject to this Protective Order

16   as set forth in Section 4 (DURATION).

17          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18

19   DATED:  10/28/2022                    /s/ Bradley Liddle
                                           Attorney for Plaintiff
20                                         LED Wafer Solutions, LLC

21   DATED:  10/28/2022                    /s/ Cosmin Maier
                                           Attorney for Defendants
22                                         Samsung Electronics Co., Ltd.,
                                           Samsung Electronics America, Inc.
23

24   DATED:  10/28/2022                    /s/ Michael Eisenberg
                                           Attorney for Intervenor-Defendant
25                                         Seoul Semiconductor Co., Ltd.

26

27

28

United States District Court
Northern District of California

32

1    PURSUANT TO STIPULATION, IT IS SO ORDERED, with the modification to Paragraph 6.3

2    incorporating the undersigned's Standing Order, Section F.5, as it pertains to discovery disputes.

3

4    DATED: November 10, 2022    _____

5                                    Lisa J. Cisneros
                                     United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the Northern

District of California on _____ [date] in the case of

_____ [name of case and case number]. I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

Promptly upon termination of this case, I will return all Designated Material (e.g.,

documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

SOURCE CODE," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS

RECIPE") that came into my possession, and all documents and things that I have prepared

relating thereto, to the Outside Counsel of Record for the Party by whom I am employed or have

been retained.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

34

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT B</u>

<u>CERTIFICATION OF PROCESS RECIPE CONSULTANT</u>

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [date] in the case of _____

[insert name of case and case number]. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order. I

further state that:

1.    I am not a current or anticipated officer, director, or employee of a Party or of a Party's

      competitor involved in product development work for commercial purposes that is directed

      to semiconductor light-emitting diodes ("LEDs") or light-emitting diode devices ("LED

      devices"), and/or methods for manufacturing semiconductor LEDs or LED devices.

2.    If, at any time after I execute this Certification and during the pendency of the litigation, I

      become an employee of a Party or of a Party's competitor, I will promptly inform the counsel

      for the Party that retained me in this litigation.  I will not thereafter review any Designated

      Materials marked as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY,"

      "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," or

      "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – PROCESS RECIPE"

      unless and until the Parties reach agreement or the Court orders otherwise.

3.    I will not use any Designated Material for any purpose other than this litigation.

4.    I agree not to perform product development work for commercial purposes[7] that is directed

_____

[7] "commercial purposes" does not include work directed solely to non-commercial research
activities, such as academic research.

36

1   to semiconductor light-emitting diodes ("LEDs") or light-emitting diode devices[8] ("LED

2   devices"), and/or methods for manufacturing semiconductor LEDs or LED devices until one

3   year following the final termination of this action (including any appeals).

4        Promptly upon termination of this case, I will return all Designated Material (e.g.,

5   documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE

6   ATTORNEYS' EYES ONLY," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

7   SOURCE CODE," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

8   PROCESS RECIPE") that came into my possession, and all documents and things that I have

9   prepared relating thereto, to the Outside Counsel of Record for the Party by whom I am employed

10  or have been retained.

11       I further agree to submit to the jurisdiction of the United States District Court for

12  the Northern District of California for the purpose of enforcing the terms of this Stipulated

13  Protective Order, even if such enforcement proceedings occur after termination of this action.

14       I hereby appoint _____ [print or type full name] of

15  _____ [print or type full address and telephone number]

16  as my California agent for service of process in connection with this action or any proceedings

17  related to enforcement of this Stipulated Protective Order.

18

19  Date: _____

20  City and State where sworn and signed: _____

21  Printed name: _____

22              [printed name]

23  Signature: _____

24              [signature]

25  _____

26  [8] Plaintiff currently accuses only phosphor-based LEDs and LED Devices.  Accordingly,
    "semiconductor light-emitting diodes" refers to semiconductor phosphor-based light-emitting
    diodes, and "light-emitting diode devices" refers to (a) phosphor-based LEDs for television
    backlighting and (b) phosphor-based LEDs for flash components in mobile devices, such as cell
27  phones, smartphones, tablets, and mobile computers.  If Plaintiff later accuses non-phosphor-based
    LEDs, the Parties agree that "light-emitting diode devices" also includes those non-phosphor-
28  based LEDs.

United States District Court
Northern District of California