Jon A. Birmingham (Cal. Bar. No. 271034)
jbirmi@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
20929 Ventura Boulevard, Suite 47403
Woodland Hills, CA 91364
Tel: (818) 650-1392
Fax: (312) 577-7007

Robert A. Whitman (*pro hac vice*)
rwhitman@fitcheven.com
Mark Stewart Raskin (*pro hac vice*)
mraskin@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 2100
Chicago, IL 60603
Tel: (312) 577-7000
Fax: (312) 577-7007

*Counsel for Plaintiff LED Wafer Solutions LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LED Wafer Solutions LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>Samsung Electronics Co., Ltd.,<br>Samsung Electronics America, Inc.,<br><br>            Defendants,<br><br>Seoul Semiconductor Co., Ltd.,<br><br>            Intervenor-Defendant. | Case No. 3:22-cv-04809-AMO<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: January 9, 2025<br>Time: 2:00 p.m.<br>Courtroom: San Francisco, Courtroom 10<br>Judge: Honorable Araceli Martínez-Olguín |

**<u>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE</u>**

**<u>SECOND AMENDED COMPLAINT</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff LED Wafer Solutions LLC moves the Court to grant it leave to file a Second Amended Complaint in the above-captioned case. This Motion is noticed for hearing, if necessary, on January 9, 2025, at 2:00 p.m., in Courtroom 10, 19th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 before the Honorable Araceli Martínez-Olguín.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the proposed Second Amended Complaint and exhibits thereto attached as Exhibit 1, the attached proposed order, all other pleadings and papers on file in this action, and any other evidence and argument that may be presented before or during the hearing on this Motion.

DATED:  November 19, 2024                    FITCH, EVEN, TABIN & FLANNERY LLP

*/s/ Mark S. Raskin*
Mark S. Raskin

*Attorney for Plaintiff,*
LED WAFER SOLUTIONS LLC

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     STATEMENT OF RELIEF REQUESTED**

3

Plaintiff LED Wafer Solutions LLC ("LED Wafer"), by and through its attorneys, and pursuant

4

to Federal Rule of Civil Procedure 15(a)(2), respectfully requests this Court grant it leave to file a

5

Second Amended Complaint.

6

It is the policy of this Court to liberally grant motions to amend pleadings. *See Eminence*

7

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Furthermore, under Rule 15(a)(2)

8

of the Federal Rules of Civil Procedure, the Court "should freely give leave [to amend] when justice

9

so requires." Accordingly, and for the reasons stated below, the Court should grant LED Wafer's

10

Motion for Leave to File a Second Amended Complaint.

11

**II.     STATEMENT OF RELEVANT FACTS**

12

This action is a patent infringement case involving U.S. Patent Nos. 8,941,137, 8,952,405, and

13

9,786,822 (collectively, the "Patents-in-Suit"). The Patents-in-Suit concern the composition of light

14

emitting devices ("LEDs") and methods for making such LEDs.  Plaintiff LED Wafer Solutions LLC

15

("LED Wafer") is a Delaware limited liability company that owns the Patents-in-Suit, including the

16

right to sue for past infringement and damages.

17

Defendant Samsung Electronics Co., Ltd. ("SEC") is a South Korean electronics company

18

whose products include mobile phones that incorporate infringing LEDs.  Defendant Samsung

19

Electronics America, Inc. ("SEA") is an American subsidiary of SEC (SEC and SEA collectively

20

"Samsung").  SEA markets and sells some of the accused SEC mobile phones within the United States.

21

Intervenor-Defendant Seoul Semiconductor Co., Ltd. ("SSC") is a South Korean supplier of accused

22

LEDs to SEC, which Samsung incorporates into its mobile phones.  In this case, LED Wafer accuses

23

SEC, SEA, and SSC (collectively, "Defendants") of infringing certain claims of the Patents-in-Suit.

24

Specifically, LED Wafer alleges that Samsung makes, uses, imports, sells, and offers to sell

25

mobile devices with flash LEDs that directly infringe certain claims of the Patents-in-Suit, and that

26

Samsung is liable for indirect infringement (e.g., because Samsung expressly instructs its customers

27

on how to implement and use the infringing LEDs on the Samsung mobile phones).  LED Wafer also

28

alleges that SSC infringes directly and indirectly by supplying certain accused LEDs to Samsung that are incorporated into and used in the accused mobile devices. LED Wafer further alleges that Defendants' infringement has been willful.

On March 25, 2021, LED Wafer filed its original complaint against Samsung in the Western District of Texas. (Dkt. 1.) On July 20, 2021, Samsung moved to dismiss LED Wafer's pre-suit and post-suit willful infringement and indirect infringement (i.e., induced and contributory infringement) allegations. (Dkt. 14.) The Western District of Texas Court granted the partial motion to dismiss without prejudice (Dkt. 18), with further provisions:

> However, the Court ORDERS that Plaintiff be allowed to take discovery related to these claims when discovery opens. The Court also GRANTS Plaintiff leave to amend its pleadings to reassert these claims after the start of discovery if it is able to substantiate those allegations. Plaintiff shall have up to and including three months from the opening of discovery to amend its pleadings on a good faith basis under Rule 11.

(*Id.*) Samsung answered on August 16, 2021. (Dkt. 18; Dkt. 19.) On September 7, 2021, SSC moved to intervene as a defendant, which the Court granted. (Dkt. 23. 39.)

On November 26, 2021, Samsung moved to transfer this action from the Western District of Texas, where it was filed, to the Northern District of California. (Dkt. 40.) LED Wafer took venue discovery and opposed transfer. The motion was granted, and, on August 22, 2022, the case was transferred before much progress had been made in discovery. (Dkt. 93, 95.) The case was assigned to the Honorable Vince Chhabria. (Dkt. 116.)

On December 16, 2022, LED Wafer filed its First Amended Complaint, including accusations of patent infringement against Intervenor-Defendant SSC. (See generally Dkt. 172.) On January 13, 2023, Samsung moved to dismiss the First Amended Complaint's willful infringement and indirect infringement allegations (inducement and contributory) for failure to state a claim, and SSC moved separately to dismiss the First Amended Complaint's allegations against SSC. (Dkt. 177; Dkt. 178.) After briefing was completed, the Court set a hearing on April 6, 2023. (Dkt. 191 at 2.)

In September 2021, Samsung petitioned for *inter partes* review (IPR) of each of the Patents-in-Suit. In March 2022, the Patent Trial and Appeal Board (PTAB) denied institution of those petitions

1  for every patent. In August, September and November 2022, Defendants requested five *ex parte*
2  reexaminations (EPRs) of the Patents-in-Suit, which the United States Patent and Trademark Office
3  (USPTO) granted. On February 15, 2023, Defendants moved to stay this case pending the USPTO's
4  resolution of the EPR proceedings. (Dkt. 185.) LED Wafer opposed. On April 23, 2023, Judge
5  Chhabria granted the motion to stay and ordered: "The motions to dismiss are denied without prejudice
6  to refiling them once the stay is lifted." (Dkt. 198.)

7        After thorough review of the hundreds of references in the EPR proceedings, the USPTO
8  recently resolved the EPRs, concluding:

9        (i)      all of the '137 patent claims previously asserted by LED Wafer in this litigation were
10                 patentable;[1]

11       (ii)     ninety-nine (99) new '137 patent claims presented by LED Wafer during the EPR were
12                 also patentable;

13       (iii)    all but one of the '405 patent claims previously asserted by LED Wafer were patentable
14                 after minor amendments (that one claim being cancelled by LED Wafer during the
15                 EPR);

16       (iv)     five (5) new '405 patent claims presented by LED Wafer during the EPR were also
17                 patentable;

18       (v)      all of the '822 patent claims previously asserted by LED Wafer were patentable after
19                 minor amendments; and

20       (vi)     ten (10) new '822 patent claims presented by LED Wafer during the EPR were also
21                 patentable.

22        During the stay, Samsung released new mobile phone products that are related to and similar
23  to the previously accused mobile phone products that LED Wafer identified in its First Amended
24  Complaint and in its Patent Local Rule 3-1 Contentions.

25        On September 11, 2024, the parties notified the Court that the USPTO had resolved the EPRs.
26  (Dkt. 215.) In response, the Court scheduled the Case Management Conference for October 10, 2024

27
28  ───────────────
[1] LED Wafer had asserted specific patent claims against Defendants in its Patent Local Rule 3-1
Infringement Contentions, served on November 23, 2022.

1  (Dkt. 216.)  In the Parties' October 3, 2024 Case Management Statement, and at the Case Management

2  Conference, LED Wafer proposed that the filing of a Second Amended Complaint would be prudent

3  in view of the reexaminations and intervening events.  (*See* Dkt. 222, 231.)  Defendants stated that

4  they would oppose, and that they were planning to file a motion to stay discovery.  (*Id*.)  The Court

5  ordered the parties to submit a proposed briefing schedule regarding the two motions.  (Dkt. 236.)

6  Defendants decided against filing a motion to stay discovery, so the parties submitted a briefing

7  schedule for LED Wafer's motion for leave, which was adopted by the Court.  (Dkt. 237.)

8  **III.    ARGUMENT**

9      Leave to file an amended complaint "shall be freely given when justice so requires." *DCD*

10  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987) (*citing* Fed. R. Civ. P. 15(a). "[A]

11  motion to make an amendment is to be liberally granted where from the underlying facts or

12  circumstances, the plaintiff may be able to state a claim." *Id*. at 186 (*quoting McCartin v. Norton*, 674

13  F.2d 1317, 1321 (9th Cir. 1982) (internal quotations omitted). This "strong policy permitting

14  amendment" is limited only where the amendment will cause undue prejudice to the defendant, is

15  sought in bad faith, or is futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). None of those

16  factors is present here. Moreover, while the Court may consider undue delay as a factor—which is not

17  present at the early stage of this case—undue delay by itself is not sufficient to justify denying a motion

18  to amend. *Id*. at 758. The Ninth Circuit has held that "Rule 15's policy of favoring amendments to

19  pleadings should be applied with extreme liberality." *DCD Programs*, 833 F.2d at 186 (*quoting United*

20  *States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)) (internal quotations omitted).

21      No factors exist that could justify denying amendment of LED Wafer's complaint.

22      First, granting this Motion will not cause any prejudice to Defendants, let alone undue

23  prejudice. Amendment of pleadings in this case has always been anticipated.  Judge Chhabria

24  previously ordered a schedule that allowed the parties to amend the pleadings without leave through

25  December 16, 2022. (Dkt. 135 at 6.)  LED Wafer and Samsung amended their pleadings accordingly.

26  (Dkt. 170; Dkt. 172.)  In particular, Samsung added counterclaims seeking declaratory judgment that

27  it does not infringe any of the asserted claims of the Patents-in-Suit and that the asserted claims are

28

1  invalid.  (Dkt. 170.)  LED Wafer filed an amended complaint on December 16, 2022, which, among

2  other changes, asserted allegations against Intervenor-Defendant SSC.  (Dkt. 172.)

3  　　　　Even though this case was originally filed in March 2021, the case has been stayed for the

4  majority of that time due to Defendants' motion to transfer the case to the Northern District of

5  California and the pendency of the EPRs.  (Dkt. 90, 198.) The case is effectively in its early stages.

6  Indeed, Defendants have produced very little information in the case, which the parties are attempting

7  to resolve at this time without court intervention.  No schedule has been entered.  No deadlines exist

8  (other than for the briefing of this motion for leave).  LED Wafer is filing this motion within the time

9  period the parties' proposed in their October 3, 2024 Joint Case Management Statement.  (Dkt. No.

10  222.)  There is no prejudice to anyone that would result from the filing of the proposed Second

11  Amended Complaint in view of the many events since March 2021, including the patent

12  reexaminations and Samsung's release of new products.

13  　　　　Indeed, rather than prejudice anyone, the proposed Second Amended Complaint narrows the

14  issues and streamlines the case, reducing the burden on the Court and all parties.  For example,

15  Samsung has stated that it intends to move to dismiss LED Wafer's operative First Amended

16  Complaint in view of the Complaint's inducement, contributory and willful infringement allegations.

17  LED Wafer's Second Amended Complaint should resolve all of those issues.  Specifically, the Second

18  Amended Complaint drops all contributory allegations, completely resolving Defendants' objection

19  and narrowing the case, eliminating unnecessary motion practice. In addition, after considering

20  hundreds of prior art references, the USPTO recently confirmed the patentability of all previously

21  asserted '137 patent claims, thus substantially narrowing, if not completely eliminating, Defendants'

22  invalidity allegations.  The USPTO's confirmation of the patentability of the '137 patent claims

23  significantly bolsters LED Wafer's willfulness allegations, and the proposed Second Amended

24  Complaint reflects these new facts.  Presumably, Samsung would now forego any challenge to LED

25  Wafer's willfulness allegations, further streamlining the case. LED Wafer's inducement allegations

26  also further focus those allegations, limiting, if not obviating, Defendants' purported objections.

27  　　　　In addition, the proposed Second Amendment Complaint includes allegations against

28

Samsung's current mobile phone, i.e., the Galaxy S24, which Samsung released during the pendency of the EPRs and pendency of the stay in this case. LED Wafer's proposed Second Amended Complaint also addresses the minor and insignificant amendments that were made to the '822 and '405 patent claims during the recent EPR proceedings. Put simply, the proposed Second Amended Complaint is directed to the current state of events that exist post EPRs, thus identifying and streamlining the issues, claims, allegations and contentions. It would be inefficient and wasteful for Defendants to move forward on their proposed motion to dismiss the First Amended Complaint, which was directed to the pre-EPR state of events.

Below is a chart summarizing the Defendant-requested IPRs and EPRs and their results. The landscape of this case has changed significantly due to these proceedings:

| Forum | Caption | Description | Status |
|---|---|---|---|
| USPTO Patent Trial and Appeal Board | *Seoul Semiconductor Co., Ltd. v. LED Wafer Solutions LLC*, IPR2021-01479 | Challenge to patentability of the '405 Patent | Denied Institution |
| | *Samsung Electronics Co., Ltd. v. LED Wafer Solutions LLC*, IPR2021-01491 | Challenge to patentability of the '405 Patent | Request for Rehearing Denied |
| | *Samsung Electronics Co., Ltd. v. LED Wafer Solutions LLC*, IPR2021-01506 | Challenge to patentability of the '137 Patent | Request for Rehearing Denied |
| | *Seoul Semiconductor Co., Ltd. v. LED Wafer Solutions LLC*, IPR2021-01516 | Challenge to patentability of the '137 Patent | Denied Institution |
| | *Samsung Electronics Co., Ltd. v. LED Wafer Solutions LLC*, IPR2021-01526 | Challenge to patentability of the '822 Patent | Denied Institution |
| USPTO Central Reexamination Unit | Reexam Control No. 90/015,090 | Challenge to patentability of the '405 Patent | Request denied |
| | Reexam Control No. 90/015,092 | Challenge to patentability of the '137 Patent | Concluded; claims 1–8 confirmed, claim 9–11 cancelled, and new claims 12–111 added |
| | Reexam Control No. 90/015,161 | Challenge to patentability of the '137 Patent | Concluded; claims 1–8 confirmed, claims 9–11 cancelled, and new claims 12–111 added |
| | Reexam Control No. 90/015,130 | Challenge to patentability of the '822 Patent | Concluded; claims 1–10 patentable as amended, and new claims 11–20 added |

| Forum | Caption | Description | Status |
|---|---|---|---|
| | Reexam Control No. 90/015,155 | Challenge to patentability of the '405 Patent | Concluded; claims 1–15, 17 patentable as amended, claim 16 cancelled, and new claims 18–22 added |
| | Reexam Control No. 90/015,156 | Challenge to patentability of the '405 Patent | Concluded; claims 1–15, 17 patentable as amended, claim 16 cancelled, and new claims 18–22 added |

LED Wafer's proposed Second Amended Complaint is necessitated by the USPTO rulings resulting from Defendants' post-grant EPR filings, which occurred after LED Wafer filed its First Amended Complaint on December 12, 2022. Defendants should not be heard to object to the addition of the new facts and amended claims that resulted from the invalidity proceedings they pursued.

Second, the proposed amendments are not brought in bad faith. Indeed, LED Wafer brings this Motion to streamline the issues and focus the case, as a direct result of the USPTO's actions in the Defendant-initiated EPRs, and a direct result of the delay created by the reexaminations (including the accusation of products released by Defendants in the interim). Since the conclusion of the EPRs, LED Wafer has undertaken the reverse engineering of some of these new products to confirm their infringement of the claims of the Patents-in-Suit.[2]

Third, the proposed amendments are not futile. The amendments reflect the changes to the claims of the Patents-in-Suit resulting from the reexamination proceedings instituted by Defendants and the new products released by Defendants during the period the litigation was stayed while the reexamination proceedings were ongoing. The amendments are intended to accurately reflect these changes in circumstances since LED Wafer filed its First Amended Complaint.

                                    Respectfully submitted,

Dated:  November 19, 2024          /s/ Mark S. Raskin

                                   Jon A. Birmingham (Cal. Bar. No. 271034)
                                   jbirmi@fitcheven.com
                                   FITCH, EVEN, TABIN & FLANNERY LLP
                                   20929 Ventura Boulevard, Suite 47403
                                   Woodland Hills, CA 91364

---

[2] LED Wafer also intends to update its Patent Local Rule 3-1 infringement contentions to include new products released since the case was stayed, and to include amended and newly allowed claims from the recently concluded EPR proceedings.

Tel: (818) 650-1392
Fax: (312) 577-7007

Robert A. Whitman (*pro hac vice*)
rwhitman@fitcheven.com
Mark Stewart Raskin (*pro hac vice*)
mraskin@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 2100
Chicago, IL 60603
Tel: (312) 577-7000
Fax: (312) 577-7007


*Counsel for Plaintiff LED Wafer Solutions LLC*