John M. Desmarais (CA SBN 320875)
DESMARAIS LLP
101 California Street
San Francisco, California 94111
Tel: (415) 573-1900
Fax: (415) 573-1901
jdesmarais@desmaraisllp.com

Paul Bondor*
Cosmin Maier*
Yung-Hoon Ha*
Taeg Sang Cho*
Frederick J. Ding*
Gillian Moore*
Patrick Reilly*
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
Tel: (212) 351-3400
Fax: (212) 351-3401
pbondor@desmaraisllp.com
cmaier@desmaraisllp.com
yha@desmaraisllp.com
tcho@desmaraisllp.com
fding@desmaraisllp.com
gmoore@desmaraisllp.com
preilly@desmaraisllp.com

* *Pro hac vice*

*Counsel for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LED Wafer Solutions LLC, | Case No. 3:22-cv-04809-AMO |
| Plaintiff, | **SAMSUNG'S RENEWED PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., | Date: January 8, 2026 Time: 2:00pm Location: Courtroom 10, 19th Floor Judge: Hon. Araceli Martínez-Olguín |
| Defendants, | |
| Seoul Semiconductor Co., Ltd. | First Amended Complaint Filed: December 16, 2022 |
| Intervenor-Defendant. | |

1

## NOTICE OF MOTION AND MOTION

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that on, January 8, 2026 at 2:00pm, in Courtroom 10, 19th Floor,

4 before the Honorable Araceli Martínez-Olguín of the United States District Court for the Northern

5 District of California, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America,

6 Inc. (collectively, "Samsung") will move the Court, under Federal Rule of Civil Procedure 12(b)(6),

7 to dismiss Plaintiff's claims for willful and indirect infringement. The grounds for this Motion are set

8 forth in detail in the accompanying Memorandum of Points and Authorities.

9

## ISSUES TO BE DECIDED

10 1. Whether the Court should dismiss Plaintiff's claims for pre-suit willful infringement because

11 the First Amended Complaint lacks facts plausibly showing Samsung's knowledge of the

12 Asserted Patents, knowledge of infringement, and deliberate and intentional infringement;

13 2. Whether the Court should dismiss Plaintiff's claims for post-suit willful infringement because

14 continued sales after this lawsuit began do not suffice for the deliberate and intentional

15 infringement required for willful infringement;

16 3. Whether the Court should dismiss Plaintiff's claims for contributory infringement because

17 Plaintiff has not pleaded how Samsung's accused smartphones and tablets are components of

18 a patented machine or combination, how they lack substantial non-infringing uses, and the

19 requisite knowledge of the Asserted Patents and of the alleged infringement; and

20 4. Whether the Court should dismiss Plaintiff's claims for induced infringement because Plaintiff

21 has not plausibly pleaded the required knowledge of the Asserted Patents and of the alleged

22 infringement, and Samsung's specific intent to encourage its customers to infringe the Asserted

23 Patents.

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3    I.    BACKGROUND .................................................................................2

4    II.    LEGAL STANDARDS ........................................................................4

5         A.    Motion to Dismiss...................................................................4

6         B.    Willful Infringement. ..............................................................5

7         C.    Contributory Infringement. .....................................................5

8         D.    Induced Infringement. .............................................................6

9    III.    ARGUMENT .....................................................................................6

10         A.    All Counts Of The First Amended Complaint Remain At Issue in This Case. .......6

11         B.    Plaintiff Fails To State A Claim For Pre-Suit Willful Infringement. ....................8

12              1.    Plaintiff Fails To Adequately Plead Pre-Suit Knowledge Of The Asserted Patents. ........8

13

14                   a.    Knowledge Of Pending Applications Is Legally Insufficient To Provide Knowledge Of Later-Issued Patents. .................................8

15                   b.    Plaintiff's Allegations Do Not Plausibly Plead Any Pre-Suit Knowledge Of The '822 Patent Because The Corresponding Patent Application Was Filed *After* The Alleged Meetings...........10

16

17                   c.    Plaintiff Fails To Plausibly Plead Imputation Of A Third Party's Knowledge To Samsung...................................................10

18

19              2.    Plaintiff Fails To Adequately Plead Knowledge Of Infringement. ...........11

20              3.    Plaintiff Fails To Adequately Plead Deliberate Or Intentional Infringement.........................13

21         C.    Plaintiff Fails To State A Claim For Post-Suit Willful Infringement...................14

22         D.    Plaintiff Fails To State A Claim For Contributory Infringement. ........................16

23         E.    Plaintiff Fails To State A Claim For Induced Infringement. ................................18

24    IV.    CONCLUSION................................................................................20

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aana v. Pioneer Hi-Bred Int'l, Inc.,*
    Nos. 12-00231, 12-00665, 2014 WL 819158 (D. Haw. Feb. 28, 2014) ........................7

*Adams v. Johnson,*
    355 F.3d 1179 (9th Cir. 2004) ..............................................................................4, 10

*Addiction & Detoxification Inst. L.L.C. v. Carpenter,*
    620 F.App'x 934 (Fed. Cir. 2015) ........................................................................17

*Apple Inc. v. Princeps Interface Techs. LLC,*
    No. 19-cv-06352, 2020 WL 1478350 (N.D. Cal. Mar. 26, 2020) ..........................6

*Armstrong v. Frostie Co.,*
    453 F.2d 914 (4th Cir. 1971) ................................................................................7

*Aro Mfg. Co. v. Convertible Top Replacement Co.,*
    377 U.S. 476 (1964) .......................................................................................6, 18

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................13

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.,*
    672 F.3d 1335 (Fed. Cir. 2012) ............................................................................7

*Bayol v. Zipcar, Inc.,*
    78 F.Supp.3d 1252 (N.D. Cal. 2015) ....................................................................4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................... *passim*

*Berall v. Pentax of Am., Inc.,*
    No. 10-cv-5777, 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021) ..............................5

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.,*
    681 F.3d 1323 (Fed. Cir. 2012) ..............................................................17, 18, 19

*BillJCo, LLC v. Apple Inc.,*
    583 F.Supp.3d 769 (W.D. Tex. Feb. 1, 2022) ......................................................17

*Boston Sci. Corp. v. BioCardia, Inc.,*
    No. 19-cv-05645, 2021 WL 12104574 (N.D. Cal. Jan. 4, 2021) ..........................7

*CAP Co. v. McAfee, Inc.,*
    No. 14-cv-05068, 2015 WL 3945875 (N.D. Cal. June 26, 2015) ........................19

*Certainteed Gypsum, Inc. v. Pac. Coast Building Prods., Inc.*,
    No. 19-cv-00802, 2021 WL 1405477 (N.D. Cal. Apr. 14, 2021)....................................16

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015).........................................................................................................16

*Corephotonics, Ltd. v. Apple, Inc.*,
    No. 17-cv-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018).........................13

*Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*,
    424 F.3d 1293 (Fed. Cir. 2005)......................................................................................16

*Dali Wireless, Inc. v. Corning Optical Communications LLC*,
    638 F.Supp.3d 1088 (N.D. Cal. 2022) ..................................................................... *passim*

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006)..................................................................................6, 19

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) ..........................................................................................4

*Finjan, Inc. v. Cisco Systems, Inc.*,
    No. 17-cv-72, 2017 WL 2462423 (N.D. Cal. June 7, 2017)..........................................9

*Fluidigm Corp. v. IONpath, Inc.*,
    No. C 19-05639, 2020 WL 408988 (N.D. Cal. Jan. 24, 2020) .................................11, 12

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)......................................................................................................6, 19

*HSM Portfolio LLC v. Fujitsu Ltd.*,
    No. 11-cv-770, 2014 WL 4468088 (D. Del. Sept. 9, 2014)...........................................17

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-cv-06137, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)....................................19

*iFIT Inc. v. Peloton Interactive, Inc.*,
    No. 21-cv-507, 2022 WL 609605 (D. Del. Jan. 28, 2022) ............................................15

*Kyocera Wireless Corp. v. ITC*,
    545 F.3d 1340 (Fed. Cir. 2008)......................................................................................19

*LED Wafer Solutions, LLC v. Samsung Elecs. Co.*,
    No. 2:25-cv-00948 (E.D. Tex. Sept. 15, 2025), D.I. 1....................................................4

*M&C Innovations, LLC v. Igloo Prod. Corp.*,
    No. 4:17-cv-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .................................15

*MasterObjects, Inc. v. Amazon.com, Inc.*,
  No. C 20-08103, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021)................................................11, 12

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005)...................................................................................................................20

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F.Supp.2d 225 (D. Del. 2012)...........................................................................................20

*NetFuel, Inc. v. Cisco Sys. Inc.*,
  No. 5:18-cv-02352, 2018 WL 4510737 (N.D. Cal. Sept. 18, 2018)........................................6, 9

*P2i Ltd. v. Favored Tech USA Corp.*,
  No. 23-cv-01690-AMO, 2024 WL 4294652 (N.D. Cal. Sept. 24, 2024) .........................12, 14, 19

*People.ai, Inc. v. SetSail Techs., Inc.*,
  No. 20-cv-09148, 2021 WL 2333880 (N.D. Cal. June 8, 2021)................................................5

*Sanchez v. Seterus, Inc.*,
  No. 17-cv-01183-HRL, 2017 WL 4355146 (N.D. Cal. Oct. 2, 2017)........................................7

*Slot Speaker Techs., Inc. v. Apple, Inc.*,
  No. 13-cv-01161, 2017 WL 4354999 (N.D. Cal. Sept. 29, 2017)........................................14, 15

*Software Research, Inc. v. Dynatrace LLC*,
  316 F.Supp.3d 1112 (N.D. Cal. 2018) ......................................................................................9

*Sonos, Inc. v. Google LLC*,
  591 F.Supp.3d 638 (N.D. Cal. 2022) ............................................................................... *passim*

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985)...................................................................................................9

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,
  No. 20-cv-1197, 2021 WL 1785072 (D. Del. May 5, 2021) .....................................................17

*Välinge Innovation AB v. Halstead New Engl. Corp.*,
  C.A. No. 16-1082, 2018 WL 2411218 (D. Del. May 29, 2018).................................................5

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
  No. 11-cv-06638, 2012 WL 1831543 (N.D. Cal. May 18, 2012)...............................................9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009)................................................................................................20

*Welsh v. Correct Care LLC*,
  915 F.3d 341 (5th Cir. 2019) .....................................................................................................7

*Wrinkl, Inc. v. Facebook, Inc.*,
No. 20-cv-1345, 2021 WL 4477022 (D. Del. Sept. 30, 2021).......................................................14

**STATUTES**

35 U.S.C. § 271(b) ...........................................................................................................................2

35 U.S.C. § 271(c) ..................................................................................................................2, 5, 16

**OTHER AUTHORITIES**

Wright & Miller, 9 FEDERAL PRACTICE AND PROCEDURE § 2363 (4th ed. 2025)................................7

Fed. R. Civ. P. 12(b)(6).....................................................................................................................4

Fed. R. Civ. P. 41(a)(1).....................................................................................................................7

Fed. R. Civ. P. 41(a)(1)(A) .......................................................................................................1, 4, 7

Fed. R. Civ. P. 41(a)(2).....................................................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") move to dismiss Plaintiff LED Wafer Solutions LLC's ("Plaintiff") claims for pre- and post-suit willful and indirect infringement for all three patents asserted in the First Amended Complaint (D.I. 172, "FAC"). This motion seeks partial dismissal as to those issues, but does not seek dismissal of the entire case.

*First*, as an initial matter, Plaintiff's recent notice identifying the FAC as the operative pleading does not remove Counts Two and Three of the FAC from the action.[1] Plaintiff cannot unilaterally dismiss any of its claims in an attempt to avoid rulings with prejudice in this action so that it can re-plead them anew in another district. *See* D.I. 280. Plaintiff's unilateral right of voluntary dismissal under Rule 41(a)(1)(A)(i) has long been extinguished because Samsung already answered the original complaint. Subsequent amended complaints do not confer new rights of voluntary dismissal. Therefore, all counts of the FAC remain at issue.

*Second*, Plaintiff fails to allege sufficient facts to maintain its allegations of pre-suit willful infringement. In particular, Plaintiff makes no showing that Samsung had knowledge of the Asserted Patents[2] or of its alleged infringement prior to the original Complaint. Instead, Plaintiff merely alleges that Samsung had knowledge of two ***pending applications*** years before they matured into two of the three Asserted Patents. As such, there is no plausible allegation showing that Samsung had notice of the Asserted Patents or of any alleged infringement prior to the original Complaint—a requirement to plead pre-suit willful infringement.

*Third*, Plaintiff's post-suit willfulness allegations raise only garden-variety facts that fail to evince the deliberate and intentional conduct required for willful infringement. Absent pleading those escalating facts with sufficient factual support, every garden-variety patent case would become one of willful infringement.

---

[1] Counts Two and Three of the FAC concern Plaintiff's infringement allegations regarding U.S. Patent Nos. 8,952,405 and 9,786,822, which Plaintiff appears to want to withdraw from the case. *See* FAC ¶¶ 61–144; D.I. 276 at 2.

[2] The "Asserted Patents" in LED Wafer's First Amended Complaint are U.S. Patent Nos. 8,941,137 (the "'137 patent"), 8,952,405 (the "'405 patent"), and 9,786,822 (the "'822 patent").

1    ***Fourth***, Plaintiff's claims for contributory infringement fail to satisfy the elements of 35

2    U.S.C. § 271(c).  Specifically, the FAC asserts that Samsung's Galaxy smartphones and tablets

3    themselves infringe the Asserted Patents.  But the FAC wholly fails to allege that the accused

4    smartphones and tablets are "a ***component*** of"[3] a "patented machine" or "combination," where the

5    component does not itself infringe, but where the machine or combination for which the ***component***

6    was especially made infringes when the component is modified or combined by others. *See* § 271(c).

7    Nor does the FAC plausibly plead that those multifunctional smartphones and tablets have no

8    substantial non-infringing uses other than purportedly infringing patents directed to flash LEDs used

9    with their cameras.

10   ***Fifth***, like the defects in its willfulness allegations, Plaintiff fails to plausibly plead the

11   knowledge required to induce infringement under 35 U.S.C. § 271(b).  And for both its pre- and post-

12   suit allegations, Plaintiff's FAC fails to plausibly plead facts showing that Samsung specifically

13   ***intends*** for its customers to infringe.

14   Accordingly, Plaintiff's willful and indirect infringement claims should be dismissed with

15   prejudice.

16   **I.     BACKGROUND**

17   Plaintiff filed this action against Samsung on March 25, 2021 in the Western District of Texas

18   ("WDTX"), alleging direct, willful, and indirect infringement.  D.I. 1, "Compl." ¶ 15.  Samsung

19   moved to dismiss the willful and indirect infringement claims.  D.I. 14.  The WDTX Court granted

20   the motion without prejudice and granted Plaintiff "leave to amend its pleadings to reassert these

21   claims after the start of discovery ***if it is able to substantiate those allegations***."  D.I. 18.  Samsung

22   then answered the original Complaint on August 16, 2021.  D.I. 19.  Seoul Semiconductor ("SSC")

23   filed a motion to intervene as a defendant (D.I. 23), which the WDTX Court granted on November 22,

24   2021.  D.I. 39.  Discovery opened on March 4, 2022.  D.I. 57.  The parties exchanged initial

25   disclosures, infringement and invalidity contentions, document productions, and written discovery.

26

27

---

28   [3] All emphasis added unless otherwise specified.

On November 26, 2021, Samsung moved to transfer the case from WDTX to this District, prompting the WDTX Court to stay the case pending the resolution of that motion. D.I. 40; D.I. 90. After the case was transferred to this District (D.I. 93; D.I. 116), Samsung produced additional documents and supplemented written discovery. Samsung also filed an amended answer that included counterclaims seeking declaratory judgment of noninfringement and invalidity of all Asserted Patents. D.I. 170. On December 16, 2022, Plaintiff filed its FAC, accusing Samsung smartphones and tablets that include a "flash LED." FAC ¶¶ 25, 66, 110; Plaintiff's Disclosure of Asserted Claims and Infringement Contentions (Nov. 23, 2022).[4] On January 3, 2023, Plaintiff filed its answer to Samsung's counterclaims. D.I. 175.

Samsung filed a timely partial motion to dismiss the FAC on January 14, 2023. D.I. 178. Shortly thereafter, Samsung moved to stay the case due to co-pending *ex parte* reexaminations ("EPR"). D.I. 185. On April 3, 2023, Judge Chhabria granted Samsung's motion to stay and terminated the motions to dismiss, subject to re-filing after the stay was lifted. D.I. 198. Those EPRs concluded in August 2024, and the stay was lifted. D.I. 215, 216.

Plaintiff then petitioned the Court for leave to amend its complaint a second time during the case management conference held on October 10, 2024. D.I. 238. The Court ordered Plaintiff to file its motion, under an agreed briefing schedule, and any renewed motion to dismiss was scheduled to follow an order on Plaintiff's motion for leave. D.I. 237. Consistent with the Court's order, the parties submitted full briefing on Plaintiff's motion for leave to amend (D.I. 245 through D.I. 250), and that motion was ready for a decision—until Plaintiff's former counsel moved to withdraw from the case. *See* D.I. 272. The Court administratively terminated the motion for leave to amend, gave Plaintiff additional time to secure new counsel, and ordered Plaintiff to file its motion for leave by September 15, 2025. *Id.*

---

[4] LED Wafer withdrew its allegations concerning U.S. Patent No. 9,502,612 (the "'612 patent") by excluding the '612 patent from its FAC. *Compare* Compl. ¶ 15, *with* FAC ¶ 19. Samsung's counterclaims for noninfringement and invalidity as to all patents asserted in the original Complaint (i.e., U.S. Patent Nos. 9,502,612; 8,941,137; 8,952,405; and 9,786,822) remain pending. *See* D.I. 170, ¶¶ 19–23, 43–53. LED Wafer also withdrew its infringement claims regarding Samsung's television and standalone LED products. *Compare* Compl. ¶¶ 20, 58, 97, 132, *with* FAC ¶¶ 25, 66, 110.

However, on September 15, 2025, despite the Court's order instructing Plaintiff to seek leave to amend its complaint, Plaintiff decided to forgo that opportunity, and instead gave "notice" that it intended to proceed with the FAC as the operative pleading. D.I. 276 at 1. In a thinly veiled attempt to undo the consequences of Samsung's successful transfer motion, Plaintiff also notified Samsung that it would "no longer assert" the '822 and '405 patents so that it could file a duplicative suit on those patents in the Eastern District of Texas. *See* Plaintiff's Notice, D.I. 276 at 1; *see also* Complaint, *LED Wafer Solutions, LLC v. Samsung Elecs. Co.*, No. 2:25-cv-00948 (E.D. Tex. Sept. 15, 2025), D.I. 1. But it is well established that after an answer is filed to an original complaint, Plaintiff's absolute right of dismissal by notice, especially to circumvent an unfavorable ruling, is extinguished even where an amended complaint supersedes the original complaint. *See infra* Section III.A. And here, because Samsung had already answered the original complaint (D.I. 170), Plaintiff cannot unilaterally withdraw counts of its operative pleading by notice. Fed. R. Civ. P. 41(a)(1)(A). Accordingly, all counts of the FAC are live for adjudication on the merits, and all three patents for which Plaintiff pleaded infringement in its FAC are in suit here.

The instant renewed motion is directed to dismissal of Plaintiff's claims of willful and indirect infringement in the FAC. FAC ¶¶ 38–60, 81–103, 122–144.

## II. LEGAL STANDARDS

### A. Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) "requires dismissal when a plaintiff's allegations fail 'to state a claim upon which relief can be granted.'" *Bayol v. Zipcar, Inc.*, 78 F.Supp.3d 1252, 1255 (N.D. Cal. 2015) (citing Fed. R. Civ. P. 12(b)(6)). "Although factual allegations are taken as true, [courts] do not 'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B.    Willful Infringement.**

To plead willful infringement, a plaintiff must allege facts demonstrating that the accused infringer had: (1) "knowledge of the asserted patent", (2) "knowledge of infringement", and (3) the "specific intent to infringe at the time of the challenged conduct." *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F.Supp.3d 1088, 1095 (N.D. Cal. 2022) (citing *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) and *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Organisation*, 28 F.4th 1247 (Fed. Cir. 2022)).    Thus, a complaint must plead ***both*** "knowledge of the patent ***and*** knowledge of infringement." *Sonos, Inc. v. Google LLC*, 591 F.Supp.3d 638, 643 (N.D. Cal. 2022).    But such pleadings are insufficient on their own; rather, they must also "raise a plausible inference that the defendant had the specific intent to infringe." *Id.* at 644.    And "there must be some other factual allegations that go to the accused infringer's ***subjective intent*** to infringe—*i.e.*, that plausibly demonstrate that the accused infringer not only knew of the patent-in-suit, but also knew or should have known that what it was doing (and what it continued to do) amounted to infringement of that patent." *Välinge Innovation AB v. Halstead New Engl. Corp.*, C.A. No. 16-1082, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report & recommendation adopted*, 2018 WL 11013901 (Nov. 6, 2018).

**C.    Contributory Infringement.**

Contributory infringement occurs when a defendant supplies "a ***component*** of a patented machine, manufacture, [or] combination . . . knowing the same to be especially made or especially adapted for use in an infringement of such patent . . . ."    35 U.S.C. § 271(c); *see also Berall v. Pentax of Am., Inc.*, No. 10-cv-5777, 2021 WL 3934200, at *8 (S.D.N.Y. Sept. 2, 2021) ("[T]he purpose of a contributory infringement claim is to address 'the situation where a seller would sell a component which was not itself technically covered by the claims of a product or process patent but which had no other use except with the claimed product or process.'" (quoting *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990)).

"[T]he patent owner must properly allege: '1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention.'" *People.ai, Inc. v. SetSail Techs.,*

1    *Inc.*, No. 20-cv-09148, 2021 WL 2333880, at *6 (N.D. Cal. June 8, 2021) (quoting *Fujitsu Ltd. v.*

2    *Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).   Contributory infringement, like willfulness,

3    requires knowledge of infringement—not merely knowledge of the patent.   *Aro Mfg. Co. v.*

4    *Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).   Accordingly, to maintain a claim for

5    contributory infringement, a plaintiff must plausibly plead that the defendant "knew that the

6    combination for which his component was especially designed was ***both*** patented and infringing." *Id.*

7        **D.    Induced Infringement.**

8        Induced infringement requires "first that there has been direct infringement, and second, that

9    the alleged infringer knowingly induced infringement and possessed specific intent to encourage

10   another's infringement." *Apple Inc. v. Princeps Interface Techs. LLC*, No. 19-cv-06352, 2020 WL

11   1478350, at *3 (N.D. Cal. Mar. 26, 2020) (citation omitted).   A plaintiff must plausibly plead that the

12   defendant (1) "knew of the patent," (2) knew that "the induced acts constitute patent infringement,"

13   and (3) "possessed a specific intent to encourage another's infringement of the patent." *NetFuel, Inc.*

14   *v. Cisco Sys. Inc.*, No. 5:18-cv-02352, 2018 WL 4510737, at *2 (N.D. Cal. Sept. 18, 2018) (citing

15   *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)); *Glob.-Tech Appliances,*

16   *Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) (defining legal standard for induced infringement).   Specific

17   intent for inducement "requires evidence of culpable conduct, directed to ***encouraging*** another's

18   infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU*

19   *Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

20   **III.    ARGUMENT**

21       **A.    All Counts Of The First Amended Complaint Remain At Issue in This Case.**

22       Plaintiff has stated that it intends to proceed with the FAC as the operative pleading rather than

23   move to amend its complaint a second time.   D.I. 276 at 1.   Plaintiff also stated that it will "no longer

24   assert" the '822 and '405 patents in the instant action, but will instead assert them in a new duplicative

25   case in another forum, ostensibly seeking to drop those patents without prejudice here.   *See id.*

26   However, that statement on its own cannot effectuate dismissal of Counts Two and Three of its FAC,

27   because this case has long passed the point at which Plaintiff could unilaterally dismiss its claims.

28

Federal Rule of Civil Procedure 41(a)(1)(A)(i) only allows the plaintiff to unilaterally dismiss a claim or an action *before* the opposing party serves an answer. Here, Samsung filed its answer to the original Complaint over four years ago, and issue has been joined on those claims. D.I. 19, D.I. 170. The fact that Plaintiff has since amended its complaint is of no consequence. Multiple courts of appeal have held that "the filing of an amended complaint does not revive the plaintiff's absolute right to dismissal under Rule 41(a)(1)(A)(i)." *Welsh v. Correct Care LLC*, 915 F.3d 341, 344 (5th Cir. 2019) (collecting cases); *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971) (affirming order vacating unilateral dismissal of Plaintiff's action); *see also* Wright & Miller, 9 FEDERAL PRACTICE AND PROCEDURE § 2363 (4th ed. 2025) ("Multiple courts have held that an answer to the plaintiff's original complaint is sufficient to preclude dismissal by notice even though the defendant has not submitted an answer to the plaintiff's amended complaint."). District courts within the Ninth Circuit have also adhered to that standard. *Aana v. Pioneer Hi-Bred Int'l, Inc.*, Nos. 12-00231, 12-00665, 2014 WL 819158, at *3 (D. Haw. Feb. 28, 2014) ("The purpose of Rule 41(a)(1)(A)(i), however, is to allow a plaintiff to voluntarily withdraw his case before the defendant expends significant time and resources on the case, not just on the version of the plaintiff's complaint currently before the district court."), *followed by, e.g.*, *Boston Sci. Corp. v. BioCardia, Inc.*, No. 19-cv-05645, 2021 WL 12104574 (N.D. Cal. Jan. 4, 2021); *Sanchez v. Seterus, Inc.*, No. 17-cv-01183-HRL, 2017 WL 4355146 (N.D. Cal. Oct. 2, 2017).

Plaintiff therefore cannot voluntarily dismiss any of its claims by notice (only to refile those same claims in another court), without a stipulation of all parties or a court order pursuant to Rule 41(a)(1)–(2). And although every initially asserted claim of the '405 and '822 patents was cancelled or amended during reexamination, the Federal Circuit has explicitly held that claims amended or added during reexamination "*do not create a new cause of action* that was not previously available." *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1341 (Fed. Cir. 2012). Consequently, not only is the FAC the operative pleading, but all counts pleaded in the FAC remain live for adjudication by this Court—including alleged willful and indirect infringement of the '405 and '822 patents. Similarly, Samsung's counterclaims of noninfringement and invalidity of the '405 and '822 patents

1    cannot be unilaterally withdrawn by Plaintiff's notice, so those counterclaims also remain pending

2    before this Court.  D.I. 170.

3        **B.**    **Plaintiff Fails To State A Claim For Pre-Suit Willful Infringement.**

4        Plaintiff alleges—without any factual support—that Samsung has "had actual knowledge (or

5    should have been aware) of the [Asserted Patents] and [Samsung's] infringement thereof" since their

6    issuance.[5] FAC ¶¶ 38, 81, 122.  Yet Plaintiff alleges only that Samsung met with the prior assignee of

7    the Asserted Patents, Viagan, in 2013, and that during those meetings, Viagan "presented its

8    proprietary LED technology"—not any Asserted Patents as-issued—to Samsung.  FAC ¶¶ 39, 82, 123.

9    Plaintiff claims only that at one of those meetings, Viagan informed Samsung of "pending patent

10   *applications*" covering Viagan's own LED technology, "specifically identif[ying] the application[s]"

11   from which the '137 and '405 patents later issued.  *Id.*  But even if taken as true, those facts fail to

12   plausibly plead knowledge of the issued patents.

13       Plaintiff further alleges that Samsung had pre-suit knowledge of the Asserted Patents by virtue

14   of its relationship with SSC, FAC ¶¶ 45, 88, 129, who supplies certain LEDs to Samsung.  FAC ¶¶

15   11–12, 25, 66, 110.  Plaintiff alleges that Viagan met with SSC in 2013, but again only alleges that

16   Viagan disclosed "pending patent *applications*"—not issued patents.  FAC ¶¶ 43, 86, 127.  Plaintiff

17   then imputes that knowledge of a third party to Samsung—without pleading any supporting facts.

18   FAC ¶¶ 45, 88, 129.

19       Those assertions fail to state a claim for pre-suit willful infringement for three reasons, each of

20   which provides an independent basis for dismissal.  First, the FAC fails to plausibly plead knowledge

21   of the issued *patents*.  Second, the FAC fails to plausibly plead that Samsung *knew it was infringing*.

22   Third, the FAC fails to plausibly plead "deliberate and intentional" infringement.

23       **1.**    **Plaintiff Fails To Adequately Plead Pre-Suit Knowledge Of The Asserted**

24               **Patents.**

25           **a.**    **Knowledge Of Pending Applications Is Legally Insufficient To**
              **Provide Knowledge Of Later-Issued Patents.**

26       ***First***, Plaintiff does not allege that it, the named inventor, or Viagan ever provided notice to

27

28       [5] The '137 patent issued on January 27, 2015; the '405 patent issued on February 10, 2015; and the
'822 patent issued on October 20, 2017.  FAC, Ex. A at [45]; FAC, Ex. B at [45]; FAC, Ex. C at [45].

Samsung of the Asserted **Patents** before the original Complaint was filed. Instead, Plaintiff suggests Samsung's knowledge of the Asserted Patents based on Viagan's separate alleged business discussions with Samsung and SSC in 2013—years **before** any Asserted Patent existed—where Viagan identified only then-pending patent **applications**.[6] FAC ¶¶ 39, 82, 123; *id.* ¶¶ 43–45, 86–88, 127–129. But critically, providing notice of pending patent **applications**—rather than issued patents—is legally insufficient to plead knowledge of the **patents themselves**. "To willfully infringe a patent, **the patent must exist** and one must have knowledge of it." *NetFuel*, 2018 WL 4510737, at *2 (citing *Sealant Sys. Int'l, Inc. v. TEX Glob.*, No. 11-cv-00774, 2012 WL 13662, at *2 (N.D. Cal. Jan. 4, 2012)). It is well-established that notice of a pending application does not show that an accused infringer has knowledge of the patent:

> A "patent pending" notice gives one **no knowledge whatsoever**. . . . Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.

*State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *Software Research, Inc. v. Dynatrace LLC*, 316 F.Supp.3d 1112, 1133–34 (N.D. Cal. 2018) (citing *State Industries*, *supra* and holding that notice letters mentioning patent applications "provide[d] no plausible basis for inferring that [the defendant] had pre-suit knowledge of any of the patents-in-suit"); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. 11-cv-06638, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) ("alleged awareness of the . . . patent application does not imply the requisite knowledge of the existence of the later-issued patent.").

In *Finjan, Inc. v. Cisco Systems, Inc.*, No. 17-cv-72, 2017 WL 2462423 (N.D. Cal. June 7, 2017), this Court dismissed allegations of willful infringement because—even drawing reasonable, circumstantial inferences in favor of the plaintiff—business meetings where the parties discussed the plaintiff's patent portfolio that occurred "before some of the [a]sserted [p]atents issued," were inadequate to plausibly plead knowledge of the asserted patents themselves. *Id.* at *5. The same is

---

[6] U.S. Patent Application No. 13/413,407, which published as U.S. Patent Application Publication No. US2012/0286311, later issued as the '137 patent. FAC Ex. A at [21], [65]. U.S. Patent Application No. 13/413,293, which published as U.S. Patent Application Publication No. US2012/0223351, later issued as the '405 patent. FAC Ex. B at [21], [65].

1  true here.  Plaintiff alleges nothing more than Samsung's purported knowledge of two then-***pending***

2  ***applications***.  At the time of the "potential business partnership" meetings that allegedly occurred

3  between Viagan and Samsung in 2013, FAC ¶¶ 39, 43, 82, 86, none of the Asserted Patents existed—

4  indeed, they did not issue until years later, in 2015 and 2017.  FAC Ex. A at [45] ('137 patent issued

5  Jan. 27, 2015); FAC Ex. B at [45] ('405 patent issued Feb. 10, 2015); FAC Ex. C at [45] ('822 patent

6  issued Oct. 10, 2017).  That is insufficient to allege knowledge of the patents themselves, especially

7  because the claims in the ultimately issued patents changed significantly from the claims in the

8  pending applications that were allegedly identified to Samsung in 2013.[7]

9      Therefore, Plaintiff's allegations that Samsung had notice of pending applications in 2013 are

10  legally insufficient to plead Samsung's knowledge of the much-later-issued patents.

11      **b.    Plaintiff's Allegations Do Not Plausibly Plead Any Pre-Suit
              Knowledge Of The '822 Patent Because The Corresponding Patent
12            Application Was Filed *After* The Alleged Meetings.**

13      The FAC does not even allege that Viagan told Samsung about the application that later issued

14  as the '822 patent.  *See* FAC ¶¶ 123, 127.  Nor could it: that patent application (No. 14/570,449) had

15  not even been ***filed*** as of the alleged 2013 meetings.  FAC Ex. C at [22] (cover of '822 patent, listing

16  filing date of Dec. 15, 2014).  Instead, Plaintiff unreasonably draws the conclusion that Viagan's

17  identification of the pending application for the ***'137*** patent[8] somehow provided Samsung with

18  knowledge of the later-filed and later-issued ***'822*** patent.  *See* FAC ¶ 123.  But this Court has held that

19  "[m]ere knowledge of a 'patent family' is not enough" to plead knowledge of a particular patent.  *Dali*

20  *Wireless,* 638 F.Supp.3d at 1097.  Plaintiff cannot rely on conclusory allegations and "unwarranted

21  inferences" to fill gaps in its theory of how Samsung purportedly knew of the '822 patent.  *See Adams*,

22  355 F.3d at 1183.

23      **c.    Plaintiff Fails To Plausibly Plead Imputation Of A Third Party's
              Knowledge To Samsung.**
24

25      The FAC also fails to plausibly plead facts to impute SSC's alleged pre-suit knowledge of the

---

26  [7] Compare, for example, Claim 1 of the '137 patent, FAC Ex. A, with Claim 1 of the application for
    the '137 patent that Viagan allegedly disclosed to Samsung, Ding Decl. Ex. 1 (US 2012/0286311 A1).
27  *Compare also, e.g.,* FAC Ex. B ('405 patent), Claim 1, *with* Ding Decl. Ex. 2 (US 2012/0223351 A1,
    the corresponding application for the '405 patent), Claim 1.
28  [8] Application No. 13/413,407. *See* FAC ¶¶ 39, 123.

1  Asserted Patents onto Samsung.  As an initial matter, Plaintiff's assertion that SSC had knowledge of
2  the Asserted Patents is based on the same defective theory discussed above—that SSC and Viagan had
3  business meetings around 2013 in which Viagan identified the same two (then-pending) patent
4  *applications*, not the issued patents themselves.  FAC ¶¶ 123, 127.  Those allegations fail as to SSC's
5  knowledge for the same reasons discussed with respect to Samsung in Section III.B.1.a. So SSC could
6  not have provided Samsung with knowledge of patents that SSC itself did not have.

7      But Plaintiff goes further—alleging, without any specific facts, that SSC "relayed information
8  about Viagan's proprietary LED technology and pending patent applications" to Samsung.  FAC
9  ¶¶ 45, 88, 129.  Plaintiff's additional inferential leap—that SSC communicated to Samsung details
10  concerning Viagan's technology and patent applications—is wholly conclusory.  Plaintiff provides no
11  factual support for alleging that such a communication between SSC and Samsung occurred at all,
12  even after discovery has occurred.  The FAC merely states based "on information and belief" that SSC
13  relayed certain general categories of information to Samsung.  FAC ¶¶ 45, 88, 129.  Such conclusory
14  statements, without more, fail to move Plaintiff's complaint into the realm of plausibility.  *Bell Atl.*
15  *Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  Indeed, this deficiency is even more fatal given the
16  procedural history—the WDTX Court originally dismissed the same conclusory pre-suit knowledge
17  allegations in Plaintiff's original complaint, granting leave to amend only if Plaintiff could
18  "substantiate its allegations" after discovery.  D.I. 18.  Yet the FAC continues to maintain the same
19  conclusory allegations that were previously dismissed with no additional underlying factual support.

20          **2.    Plaintiff Fails To Adequately Plead Knowledge Of Infringement.**

21      ***Second***, even if Plaintiff had plausibly pleaded knowledge of the Asserted Patents, the Court
22  should dismiss Plaintiff's pre-suit willful infringement allegations for its failure (and inability) to
23  allege that Samsung had pre-suit knowledge of ***infringement***.  "Knowledge of infringement does not
24  arise from knowledge of the asserted patent as a matter of course; it must be the subject of discrete . . .
25  allegations."  *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103, 2021 WL 4685306, at *4
26  (N.D. Cal. Oct. 7, 2021); *see also Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639, 2020 WL 408988,
27  at *3 (N.D. Cal. Jan. 24, 2020) ("Bare allegations of knowledge of a patent do not support an inference

28

1  of knowledge of alleged infringement.").    Classically, to support a claim of knowledge of

2  infringement, a plaintiff identifies some "cease-and-desist letter that calls out the patent claims, the

3  accused product, and the way it infringes the claims." *Sonos*, 591 F.Supp.3d at 644–46.[9]

4        Plaintiff does not allege that it, the named inventor, or Viagan ***ever*** told Samsung that Samsung

5  was infringing any patents before Plaintiff filed this case.  Indeed, even where Plaintiff addresses what

6  Samsung allegedly knew from the 2013 meetings with Viagan, Plaintiff only alleges that Viagan

7  identified patent applications "covering ***Viagan***'s LED technology"—***not*** that Viagan asserted that

8  those applications covered ***Samsung's*** or ***SSC's*** products.  *See* FAC ¶¶ 39, 43, 82, 86, 123, 127.

9  Plaintiff alleges that those meetings were "for the purpose of exploring a potential business

10 partnership," *e.g.*, FAC ¶ 39—so it fails to plead any adversarial relationship that would have led

11 Samsung to believe that Viagan's (then-nonexistent) patent rights were being violated.

12       Although Plaintiff further alleges that Samsung "nonetheless used Viagan's LED technology

13 . . . in Samsung's products" and met with Viagan in "bad faith," *e.g.*, FAC ¶¶ 40, 42, the FAC is devoid

14 of facts supporting those conclusory allegations.  For example, Plaintiff does not plead the details of

15 what "technology" Viagan allegedly disclosed to Samsung in its 2013 meetings—nor any comparison

16 of what Viagan allegedly disclosed with the now-accused products.  This Court has ruled that pre-suit

17 notice letters that "do[] not analyze the patents or apply them to any product or method," but merely

18 "demand[] that [an accused infringer] 'cease all infringing activity immediately,' [without saying]

19 what that infringing activity is" are insufficient to show knowledge of infringement.  *P2i Ltd. v.*

20 *Favored Tech USA Corp.*, No. 23-cv-01690-AMO, 2024 WL 4294652, at *7 (N.D. Cal. Sept. 24,

21 2024).  And Plaintiff puts no meat on the bones for its conclusory assertion that Samsung intended "to

22 use the discussions as a pretense to learn more about Viagan's proprietary LED technology."  *E.g.*,

23 FAC ¶ 40.  Plaintiff's attempt to cast aspersions instead of pleading facts is precisely the type of

24 conclusory pleading that the Supreme Court rejected in *Iqbal* and *Twombly*, where claims of

25 conspiracy were dismissed because they lacked specific facts to make the plaintiffs' hostile

26

27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
[9] Not just any communication is enough.  For example, "a letter merely notifying [someone] of the
existence of a particular patent, without accusing [them] of infringement" is insufficient for knowledge

28 of infringement.  *MasterObjects*, 2021 WL 4685306, at *4; *Fluidigm*, 2020 WL 408988, at *3.

1    conclusions more than merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009); *Bell Atl. Corp.*

2    *v. Twombly*, 550 U.S. 544, 569–70 (2007).

3          Finally, Plaintiff does not allege particular facts to show that Samsung obtained knowledge of

4    infringement by other means.  For example, there is no assertion that, after Plaintiff acquired the

5    Asserted Patents, it ever provided Samsung with pre-suit notice of: (1) any specific claims that

6    Samsung allegedly infringed; (2) any products that allegedly infringed; or (3) how any of Samsung's

7    products allegedly infringe any issued claims.  Similarly, Plaintiff does not allege that SSC ever told

8    Samsung that any products infringed the Asserted Patents—it only addresses the parties' purported

9    knowledge of pending applications, not of infringement.  *See, e.g.*, FAC ¶¶ 45 ("[SSC] relayed

10    information about Viagan's proprietary LED technology and pending patent applications to Samsung,

11    thereby providing Samsung with further knowledge of ***Application No. 13/413,407 and the '137***

12    ***Patent***."), 88, 129.

13          Nor does Plaintiff allege that Samsung took any "deliberate actions" to remain willfully blind

14    to knowledge of infringement.  *Compare Dali Wireless*, 638 F.Supp.3d at 1100 (finding no plausible

15    inference of willful blindness) *with Corephotonics, Ltd. v. Apple, Inc.*, No. 17-cv-06457-LHK, 2018

16    WL 4772340, at *9 (N.D. Cal. Oct. 1, 2018) (finding a plausible inference of willful blindness because

17    of allegation that "Apple asked Corephotonics not to send Apple any of Corephotonics' patents.").

18    Unlike in *Corephotonics*, Plaintiff's FAC hardly discusses Samsung's alleged "willful blindness" at

19    all and, critically, completely fails to plead any particular facts supporting such an allegation.  *See*

20    FAC ¶ 49.

21            **3.**    **Plaintiff Fails To Adequately Plead Deliberate Or Intentional**

22                 **Infringement.**

23          ***Third***, even if Plaintiff had plausibly pleaded both knowledge of the Asserted Patents and of

24    infringement—which, to be clear, it did not—it fails to allege facts showing the requisite specific

25    intent to infringe.  Plaintiff merely alleges without support that Samsung infringed while having

26    knowledge of the Asserted Patents.  *See* FAC ¶¶ 41–42.  But "[a]llegations of mere direct

27    infringement" coupled with alleged knowledge of the patent do not "raise a ***plausible inference*** that

28    the defendant had the ***specific intent to infringe***." *Sonos*, 591 F.Supp.3d at 644.

1    Without specific facts demonstrating Samsung's subjective intent to infringe, Plaintiff merely

2    pleads willful infringement with possibility—not plausibility. *See Slot Speaker Techs., Inc. v. Apple,*

3    *Inc.*, No. 13-cv-01161, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017).  Although Plaintiff

4    attempts to bolster its willfulness claim by baldly asserting that Samsung initiated its 2013 discussions

5    with Viagan with "bad faith intent" and then misappropriated Viagan's technology, the FAC again

6    provides no facts to support those conclusory assertions. *See, e.g.*, FAC ¶¶ 40, 42, 83, 85, 124, 126.

7    Plaintiff must do more than allege some conceivable conclusion. *Cf. Twombly*, 550 U.S. at 564

8    (concluding that plaintiff did not plausibly plead unlawful conspiracy, because the logical leap from

9    reasonable explanations for defendants' conduct to an unlawful agreement was too great).

10                                         * * *

11    Accordingly, the Court should dismiss Plaintiff's pre-suit willful infringement claims.

12    **C.     Plaintiff Fails To State A Claim For Post-Suit Willful Infringement.**

13    Plaintiff's claims for post-suit willfulness merely allege that Samsung continued to sell the

14    Accused Products after the original Complaint was filed.  FAC ¶¶ 41, 84, 125.  But ***post***-suit conduct

15    alone—and alleged knowledge arising out of the litigation alone—does not generally suffice for

16    willfulness.  Indeed, this Court has recognized that "most courts in this district reject that a complaint

17    alone renders accused infringement willful without other pre-suit indicia."  *P2i*, No. 23-cv-01690-

18    AMO, 2024 WL 4294652, at *9.  After all, "[i]f all that is required is the filing of a complaint and a

19    plausible allegation of infringement" to give rise to post-suit willfulness, "then ***every case*** would be a

20    willful infringement case."  *Wrinkl, Inc. v. Facebook, Inc.,* No. 20-cv-1345, 2021 WL 4477022, at *8

21    (D. Del. Sept. 30, 2021).  "Willful infringement is the ***exception***, not the rule."  *Sonos*, 591 F.Supp.3d

22    at 644.

23    Even if this Court did recognize willfulness based on post-suit conduct alone, Plaintiff still

24    fails to plead facts to support its claim because Plaintiff has not adequately pleaded deliberate or

25    intentional infringement.  Subjective intent to infringe remains an element of any willfulness claim,

26    and "[t]he complaint must also contain allegations that 'the accused infringer had a specific intent to

27    infringe at the time of the challenged conduct.'" *Dali Wireless*, 638 F.Supp.3d at 1095-96 (citing *Eko*

28

1    *Brands*, 946 F.3d at 1379).  And those factual allegations must suffice "to render a claim of willfulness

2    plausible, and not merely possible."  *Slot Speaker,* 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017)

3    (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4         Here, Plaintiff alleges nothing more than "garden-variety" conduct after a party has been

5    sued—far short of the specific intent to infringe required for willfulness.  *Cf. M&C Innovations, LLC*

6    *v. Igloo Prod. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018)

7    ("Assuming for the sake of argument that the complaint put Igloo on notice of the existing patents,

8    and Igloo continued its manufacturing its infringing products, this would simply be the kind of

9    'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness.").  In particular,

10   Plaintiff bases its post-suit willfulness claims on the fact that "Samsung had actual knowledge of the

11   [Asserted Patents] upon its receipt of Plaintiff's Original Complaint" and "has not taken any steps to

12   design around or otherwise avoid infringing" the Asserted Patents, such as by ceasing sales of the

13   Galaxy S22 Smartphone.  *E.g.*, FAC ¶¶ 41, 84, 125.  Those assertions, without more, do not cross the

14   threshold.

15        It would be unreasonable to require every patent defendant "to cease sales at the time of the

16   complaint . . . or face willfulness allegations" for continuing its ordinary business conduct after being

17   sued.  *See Dali Wireless*, 638 F.Supp.3d at 1099.  Courts, both in this District and around the nation,

18   regularly reject plaintiffs' attempts to transform continuing sales after a patent case begins into post-

19   suit willfulness.  *See, e.g.*, *id.*; *Slot Speaker,* 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017)

20   ("Defendant's ongoing manufacturing and sales, on their own, are equally consistent with a defendant

21   who subjectively believes the plaintiff's patent infringement action has no merit."); *iFIT Inc. v.*

22   *Peloton Interactive, Inc.*, No. 21-cv-507, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) (finding that,

23   even if knowledge could be premised on the original complaint, the mere fact of "[Peloton]

24   continu[ing] to sell the infringing Bike+ product . . . . is insufficient" for post-suit willfulness).

25        Finally, Plaintiff attempts to bolster its post-suit willfulness allegations by asserting that non-

26   instituted petitions for *inter partes* review ("IPR") of the Asserted Patents somehow evinces

27   "egregiousness."  FAC ¶¶ 46, 89, 130.  But IPR petitions go only to the validity of a patent—not

28

1    infringement or whether Samsung has knowledge of infringement.  *See Commil USA, LLC v. Cisco*

2    *Sys., Inc.*, 575 U.S. 632, 643 (2015).  Moreover, all previously asserted claims of the '822 and '405

3    patents have been either substantively amended or cancelled, and the USPTO has recently granted an

4    EPR request challenging all original claims of the '137 patent.  D.I. 215 at 2.  The Court may properly

5    take judicial notice of such administrative proceedings when ruling on a motion to dismiss.

6    *Certainteed Gypsum, Inc. v. Pac. Coast Building Prods., Inc.*, No. 19-cv-00802, 2021 WL 1405477,

7    at *4 (N.D. Cal. Apr. 14, 2021) (citing *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F.Supp.3d

8    139, 145 (N.D. Cal. 2020)).  Thus, Plaintiff's assertion that Samsung "cannot reasonably believe that

9    [it has] a viable invalidity defense" FAC ¶¶ 46, 89, 130, is not only irrelevant to the knowledge-of-

10   infringement inquiry, it is inconsistent with the USPTO's own more recent assessments of the Asserted

11   Patents.

12        Accordingly, the Court should dismiss Plaintiff's willful infringement claims in their entirety.

13        **D.    Plaintiff Fails To State A Claim For Contributory Infringement.**

14        Plaintiff's contributory infringement claims—which merely recite the legal elements and

15   allege in conclusory fashion that the Accused Products have no "substantial non-infringing use[s],"

16   FAC ¶¶ 53, 96, 137—should be dismissed for three independent reasons.

17        *First*, Plaintiff's theory of contributory infringement (both pre- and post-suit) fails to meet the

18   elements of 35 U.S.C. § 271(c).  *See* FAC ¶¶ 53, 96, 137.  Contributory infringement requires that the

19   defendant made or sold a "***component***" of a "patented machine" or "combination"—where the

20   component itself does not infringe, but where the machine or combination for which the ***component***

21   was especially made infringes the patent.  § 271(c); *Cross Med. Prod., Inc. v. Medtronic Sofamor*

22   *Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

23        Here, Plaintiff simply alleges that Samsung contributorily infringes by marketing the Accused

24   Products—smartphones and tablets—but fails to identify how those smartphones and tablets possibly

25   qualify as ***components*** of an otherwise patented machine.  FAC ¶¶ 53, 96, 137.  In other words, each

26   of the Accused Products that Samsung sells is alleged to ***be*** the patented machine—not a noninfringing

27   ***component*** of an otherwise infringing patented machine that is made, used, or sold by others.  *See*

28

1    *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, No. 20-cv-1197, 2021 WL 1785072, at *5 (D. Del.

2    May 5, 2021), *report & recommendation adopted*, 2021 WL 5860783 (Aug. 12, 2021) ("The Court

3    agrees with Tonal that the 'Tonal Device itself cannot be a "component" of a patented machine,

4    because ICON [is alleging] that the Tonal Device is the patented machine, and thus directly infringes

5    the asserted patents.'" (citations omitted)); *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-cv-770, 2014

6    WL 4468088, at *1 (D. Del. Sept. 9, 2014) (agreeing that "the accused semiconductor chips are not

7    components especially designed for an infringing product because they are accused of direct

8    infringement in and of themselves.").

9        ***Second***, Plaintiff fails to plead facts to support the conclusory allegation that the Accused

10   Products lack substantial non-infringing uses, in either the pre- or post-suit period.  Plaintiff merely

11   parrots the claim elements and states without any factual support that the Accused Products—

12   smartphones and tablets with, undoubtedly, myriad uses beyond using a camera's flash LED—have

13   no "substantial non-infringing use[s]."  FAC ¶¶ 53, 96, 137.  But articulating the legal framework is

14   insufficient.  *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1344–46

15   (Fed. Cir. 2012); *Sonos*, 591 F.Supp.3d at 648 ("Sonos's allegations that the accused products . . .

16   cannot be used for purposes other than infringement is conclusory.  There are no factual underpinnings

17   of Sonos's allegations on this point."); *see also Addiction & Detoxification Inst. L.L.C. v. Carpenter*,

18   620 F.App'x 934, 938 (Fed. Cir. 2015).  In *BillJCo, LLC v. Apple Inc.*, the court dismissed all

19   contributory infringement claims because the complaint accused Apple iPhone smartphones and iPad

20   tablets of infringement, but "made no attempt to focus its contributory infringement allegations on any

21   specific components or functions in the iPhone and iPad."  583 F.Supp.3d 769, 782 (W.D. Tex. Feb.

22   1, 2022).  Similarly, Plaintiff accuses Samsung Galaxy smartphones and tablets of infringement, but

23   makes no attempt to focus its contributory infringement allegations on the specific LED structures that

24   it asserts its patents cover.  And the FAC "offers nothing to support [the] contention" that the accused

25   products, such as the accused Galaxy S22 smartphone, have no substantial non-infringing uses.  *See*

26   *BillJCo*, 583 F.Supp.3d at 782.

27       ***Third***, Plaintiff fails to adequately plead the pre-suit knowledge of the Asserted Patents and of

28

1  the alleged direct infringement that is necessary to state a claim for pre-suit contributory infringement.

2  Like willfulness, contributory infringement requires knowledge of the Asserted Patents (not pending

3  applications), and knowledge that the defendant's products are especially adapted for use in some

4  other directly infringing apparatus or process—*i.e.*, knowledge of infringement. *See Sonos*, 591

5  F.Supp.3d at 647–48; *Aro*, 377 U.S. at 488; *Bill of Lading*, 681 F.3d at 1337. But the FAC contains

6  no factual allegations to support Plaintiff's theory that Samsung knew that the accused smartphones

7  and tablets are components of some other infringing apparatus. *See supra* Section III.B.2.

8       Accordingly, the Court should dismiss Plaintiff's contributory infringement claims.

9       **E.      Plaintiff Fails To State A Claim For Induced Infringement.**

10      Plaintiff similarly recites the legal elements for induced infringement and purports to support

11  its claim by alleging that Samsung provided its customers with "data sheets, technical guides,

12  demonstrations, software and hardware specifications, installation guides, and other forms of support"

13  and general "instructions" on how to use the Accused Products. FAC ¶¶ 54, 97, 138. Those allegations

14  fail because Plaintiff does not sufficiently allege that Samsung had pre-suit knowledge of the Asserted

15  Patents or of any alleged direct infringement. Nor does the FAC contain any allegation showing that

16  the supposedly induced acts of Samsung's customers constitute infringement, or that Samsung knew

17  that those acts infringed. Finally, both the pre-suit and post-suit induced infringement claims fail

18  because the FAC fails to plead specific intent with any supporting facts.

19      ***First***, as explained above with respect to willfulness, Plaintiff fails to adequately plead the

20  requisite pre-suit knowledge of the Asserted Patents. Plaintiff's knowledge allegations for indirect

21  infringement are based on exactly the same theory as for willfulness—*i.e.*, alleged notice of ***pending***

22  ***patent applications***, not issued patents. *See* FAC ¶¶ 51 (incorporating-by-reference knowledge

23  allegations in willfulness section), 94 (same), 135 (same). Plaintiff's allegations are insufficient

24  because it fails to plead facts to show how or when (or even if) Samsung learned of any of the Asserted

25  Patents prior to the original Complaint.

26      ***Second***, Plaintiff fails to plausibly plead knowledge that ***the allegedly induced acts*** of

27  Samsung's customers constitute direct patent infringement. Instead of addressing this element with

28

1   specific facts, the FAC merely parrots the legal standard and incorporates-by-reference the conclusory

2   allegations from its willfulness sections.  FAC ¶¶ 51, 52; *see also* FAC ¶¶ 94, 95, 135, 136.  But

3   Plaintiff's allegations concerning knowledge for willfulness do not plausibly plead the requisite

4   knowledge for induced infringement, because the requisite knowledge for induced infringement—

5   "knowledge that *the induced acts* constitute infringement"—differs from the knowledge required for

6   willful direct infringement.  *Glob.-Tech*, 563 U.S. at 766.  And, moreover, this Court has found that

7   mere "allegations of 'instructions or information,' without more detail about those instructions or

8   information or 'infringing uses,' fall flat as far too imprecise."  *P2i*, 2024 WL 4294652, at *7.  Here,

9   like in *P2i*, the FAC fails to "detail how an end user would infringe … by following instructions."

10  The FAC is devoid of any allegations of how specifically Samsung's customers infringe by "us[ing]

11  the flashlight" in a Samsung smartphone (FAC ¶¶ 56, 99, 140), or how or why Samsung knows that

12  those third parties infringe when they carry out those actions.  Those sorts of allegations that "only

13  state[] bald conclusions that an end user following [the defendant's] instructions results in

14  infringement," without explanation of "*how* an end user would infringe," are insufficient to plead

15  induced infringement.  *See, e.g.*, *Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-06137, 2019

16  WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) (dismissing induced infringement claims).

17       ***Third***, even if Plaintiff could rely on the original Complaint to provide knowledge, the post-

18  suit allegations also fail to state a claim.  Plaintiff has not plausibly pleaded Samsung's ***specific intent***

19  to encourage its customers to infringe.  *See Bill of Lading*, 681 F.3d at 1339; *CAP Co. v. McAfee, Inc.*,

20  No. 14-cv-05068, 2015 WL 3945875, at *5 (N.D. Cal. June 26, 2015).  Inducement "requires more

21  than just intent to cause the [third-party] ***acts*** that produce direct infringement"; instead, the intent

22  must be "directed to encouraging another's ***infringement***."  *DSU*, 471 F.3d at 1306 (citing, *e.g.*, *Metro-*

23  *Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005)).  Emphasizing that

24  distinction, the Federal Circuit held that a defendant that "furnish[ed] promotional and technical

25  documents" for its products and "recommend[ed] that its customers implement" features that enabled

26  those customers to infringe lacked specific intent to encourage infringement.  *Kyocera Wireless Corp.*

27  *v. ITC*, 545 F.3d 1340, 1354 (Fed. Cir. 2008).

28

1    Plaintiff alleges much less, pleading only generalized assertions that Samsung conducts regular

2    marketing and sales of its smartphones and tablets, like providing instructions on how to use the

3    flashlight on those products. *E.g.*, FAC ¶¶ 55–58. Such activities do not imply specific intent to

4    encourage infringement. *Vita-Mix*, 581 F.3d at 1329 (explaining that the defendant's "product

5    instructions provide no basis . . . to infer specific intent to **encourage infringement**"); *MONEC*

6    *Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 234 (D. Del. 2012) (finding that providing

7    generic instructions regarding how to use a cell phone were inadequate to show "that Defendants

8    possessed the specific intent to **encourage another's infringement**"); *cf. Grokster*, 545 U.S. at 937

9    (relying on patent law inducement standard to hold that "ordinary acts incident to product distribution"

10   fail to show specific intent for copyright infringement).

11   Accordingly, the Court should dismiss Plaintiff's claims for induced infringement.

12   **IV.    CONCLUSION**

13   For at least the foregoing reasons, Samsung respectfully requests that the Court dismiss

14   Plaintiff's claims for willful and indirect infringement with prejudice.

1

Dated: October 17, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Cosmin Maier*
John M. Desmarais (CA SBN 320875)
DESMARAIS LLP
101 California Street
San Francisco, California 94111
Tel: (415) 573-1900
Fax: (415) 573-1901
jdesmarais@desmaraisllp.com

Paul Bondor*
Cosmin Maier*
Yung-Hoon Ha*
Taeg Sang Cho*
Frederick J. Ding*
Gillian Moore*
Patrick Reilly*
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
Tel: (212) 351-3400
Fax: (212) 351-3401
pbondor@desmaraisllp.com
cmaier@desmaraisllp.com
yha@desmaraisllp.com
tcho@desmaraisllp.com
fding@desmaraisllp.com
gmoore@desmaraisllp.com
preilly@desmaraisllp.com

*\* Pro hac vice*

*Counsel for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on October 17, 2025, I electronically filed the above document with the

3  Clerk of the Court using CM/ECF, which will send electronic notification of such filings to all

4  registered counsel.

5      Dated: October 17, 2025              _____
                                                    */s/ Cosmin Maier*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28