John M. Desmarais (CA SBN 320875)
DESMARAIS LLP
101 California Street
San Francisco, California 94111
Tel: (415) 573-1900
Fax: (415) 573-1901
jdesmarais@desmaraisllp.com

Cosmin Maier*
Paul Bondor*
Yung-Hoon Ha*
Taeg Sang Cho*
Frederick J. Ding*
Gillian Moore*
Patrick Reilly*
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
Tel: (212) 351-3400
Fax: (212) 351-3401
cmaier@desmaraisllp.com
pbondor@desmaraisllp.com
yha@desmaraisllp.com
tcho@desmaraisllp.com
fding@desmaraisllp.com
gmoore@desmaraisllp.com
preilly@desmaraisllp.com

* *Pro hac vice*

*Counsel for Defendants*
*Samsung Electronics Co., Ltd., and*
*Samsung Electronics America, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LED Wafer Solutions LLC, | Case No. 3:22-cv-04809-AMO |
| Plaintiff, | **SAMSUNG'S REPLY IN SUPPORT OF ITS RENEWED PARTIAL MOTION TO DISMISS** |
| v. | |
| Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., | Date: January 8, 2026 Time: 2:00pm Location: Courtroom 10, 19th Floor Judge: Hon. Araceli Martínez-Olguín |
| Defendants, | |
| Seoul Semiconductor Co., Ltd. | |
| Intervenor-Defendant. | First Amended Complaint Filed: December 16, 2022 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   REPLY ...................................................................................................................3

    A.   Counts Two And Three Of The FAC Remain Live For Adjudication In This
        Case, And Plaintiff's Arguments To The Contrary Are Grounded In
        Misrepresentations Of Fact And Law. ........................................................3

        1.   Plaintiff Blatantly Misrepresents The Facts And History Of This Case......3

        2.   Plaintiff Misrepresents The Procedural Posture Of *Target Training*
              And None Of Its Other Cited Cases Demonstrate That Counts Two
              And Three Are Moot..........................................................................5

        3.   *Aspex* Squarely States That Claims Emerging From Reexamination Do
              Not Create A New Cause Of Action............................................................7

    B.   Plaintiff Fails To Overcome The Deficiencies In Its Willfulness Pleadings. ..........8

        1.   Plaintiff's Pre-Suit Willfulness Allegations Fail To Show The
              Requisite Knowledge, Willful Blindness, Or Specific Intent. ....................8

        2.   Plaintiff Cannot Base Post-Suit Willfulness On The Complaint Alone. ...10

    C.   Plaintiff Fails To Overcome The Deficiencies In Its Indirect Infringement
        Pleadings. .........................................................................................11

        1.   Plaintiff's New Contributory Infringement Theory Contradicts The
              FAC...............................................................................................11

        2.   Plaintiff's Induced Infringement Claims Fail To Plead Knowledge Of
              The Asserted Patents, Knowing Inducement Of The Allegedly
              Infringing Acts, Or Specific Intent To Induce Infringement. ...................14

III.  CONCLUSION....................................................................................................15

## TABLE OF AUTHORITIES

CASES                                                                                          Page(s)

*Akamai Techs., Inc. v. MediaPointe, Inc.*,
  No. 2:22-CV-06233-MCS-AFM, 2023 WL 4155394 (C.D. Cal. Jan. 4, 2023) ...........................15

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
  672 F.3d 1335 (Fed. Cir. 2012)..................................................................................................7, 8

*B.E. Technology, LLC v. Groupon, Inc.*,
  2:12-cv-02781-JPM-tmp, 2017 WL 11139705 (W.D. Tenn. Dec. 20, 2017)..................................6

*Berall v. Pentax of Am., Inc.*,
  No. 10-CV-5777 (LAP), 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021) .......................................12

*Capella Photonics, Inc. v. Cisco Sys. Inc.*,
  No. 14-CV-03348-EMC, 2019 WL 4242665 (N.D. Cal. Sept. 6, 2019) .......................................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015) ...................................................................................................................11

*Corephotonics, Ltd. v. Apple, Inc.*,
  No. 17-CV-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018).....................................8, 9

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
  638 F. Supp. 3d 1088 (N.D. Cal. 2022) ......................................................................................9

*Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*,
  No. 20-CV-06469-EMC, 2022 WL 1426951 (N.D. Cal. May 5, 2022).....................................10

*Finjan, Inc. v. Cisco Sys. Inc.*,
  No. 17-cv-00072, 2017 WL 2462423 (N.D. Cal. June 7, 2017)................................................10

*Fitch, Even, Tabin & Flannery LLP v. LED Wafer Solutions LLC*,
  No. 1:25-cv-11666 (N.D. Ill. Sept. 30, 2025) .................................................................................4

*Gamevice, Inc. v. Nintendo Co.*,
  No. 18- CV-01942-RS, 2018 WL 5310792 (N.D. Cal. Aug. 6, 2018) ...................................13, 14

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)....................................................................................................................8

*HSM Portfolio LLC v. Fujitsu Ltd.*,
  No. 11-cv-770-RGA, 2014 WL 4468088 (D. Del. Sept. 9, 2014).........................................12, 13

*Hypermedia Navigation LLC v. Google LLC*,
  No. 18-cv-06137, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)....................................................15

*Intrepid Automation, Inc. v. 3D Sys., Inc.*,
   No. 24-CV-2262-AGS-DDL, 2025 WL 1940192 (S.D. Cal. July 15, 2025) ...............................13

*LED Wafer Solutions, LLC v. Samsung Electronics Co., Ltd. et al.*,
   No. 2:25-cv-00948-JRG (E.D. Tex. Sep. 15, 2025) .......................................................................6

*MasterObjects, Inc. v. Amazon.com, Inc.*,
   No. C 20-08103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) ..........................................10

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ..............................................................................................2, 3

*MyGo, LLC v. Mission Beach Indus., LLC*,
   No. 16-CV-2350-GPC-RBB, 2018 WL 3438650 (S.D. Cal. July 17, 2018)..................................6

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018)..............................................................................................15

*P2i Ltd. v. Favored Tech USA Corp.*,
   No. 23-CV-01690-AMO, 2024 WL 4294652 (N.D. Cal. Sept. 24, 2024) .......................10, 14, 15

*Senju Pharm. Co., Ltd. v. Apotex Inc.*,
   746 F.3d 1344 (Fed. Cir. 2014)............................................................................................7, 8

*Sonos, Inc. v. Google LLC*,
   591 F. Supp. 3d 638 (N.D. Cal. 2022) ......................................................................................9

*Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*,
   645 F.App'x 1018 (Fed. Cir. 2016) ......................................................................................3–6

*Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*,
   No. 4:10-cv-03350 (S.D. Tex. Jan. 22, 2015)........................................................................4, 5

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,
   No. 20-cv-1197-LPS, 2021 WL 1785072 (D. Del. May 5, 2021) ...............................................12

*Traxcell Techs. LLC v. Google LLC*,
   No. 22-CV-04807-JSC, 2022 WL 17072015 (N.D. Cal. Nov. 17, 2022)....................................10

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009)..............................................................................................15

**STATUTES**

35 U.S.C. § 271 ...............................................................................................................................2

35 U.S.C. § 305...............................................................................................................................7

1

**RULES**

2

Fed. R. Civ. P. 11 .......................................................................................................................4

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     INTRODUCTION

The Court should dismiss Plaintiff's claims for willful and indirect infringement as to all three patents asserted in the First Amended Complaint ("FAC"). Plaintiff's Opposition (D.I. 290) ("Opp.") fails to demonstrate otherwise.

***First***, Counts Two and Three of the FAC—which allege infringement of U.S. Patent Nos. 8,952,405 (the "'405 Patent") and 9,786,822 (the "'822 Patent"), respectively—are ***not*** moot as Plaintiff argues, and Plaintiff was not simply "free" to ignore them here only to reassert them in the Eastern District of Texas in a blatant attempt at forum-shopping. *See* Opp. at 1, 5–8. To the contrary, those counts—and Samsung's corresponding counterclaims for declaratory judgment of noninfringement and invalidity—remain live in this case, and the Court can—and should—resolve the sufficiency of Plaintiff's willful and indirect infringement allegations as to those patents.

In particular, Plaintiff argues that its allegations concerning the '405 and '822 Patents are moot because those patents emerged from *ex parte* reexamination ("EPR") with new and amended claims. Opp. at 5. But Plaintiff's mootness argument is based entirely on the categorically ***false*** representation that Plaintiff has never "asserted any of the claims amended through reexamination proceedings" in this case. Opp. at 6; *see also id.* at 8 ("LED Wafer never opted to pursue the amended or added claims in this case."). To the contrary, less than a year ago, Plaintiff served supplemental infringement contentions ***in this case*** asserting ***the new and amended claims*** of the '405 and '822 Patents that emerged from EPR. Ding Decl. Ex. 3 [January 23, 2025 Supplemental Infringement Contentions] at 2–3 ("Plaintiff LED Wafer serves these supplemental contentions . . . , including addressing new and amended claims that issued in those reexaminations and intervening products."). Thus, Plaintiff's allegations concerning the '405 and '822 Patents remain live in this case, and the Court should resolve the sufficiency of the FAC's allegations of willful and indirect infringement as to those patents.

***Second***, Plaintiff's willful infringement allegations are essentially the same as the baseless allegations that the Western District of Texas court dismissed from the original complaint.[1] D.I. 18. The FAC still fails to present any factual allegations showing that Samsung knew or learned of the

---

[1] *Compare* Complaint, D.I. 1, ¶¶ 38–46, 77–85, 111–119, *with* FAC ¶¶ 38–50, 81–93, 122–134; D.I. 18 (WDTX amended order granting D.I. 14 motion to dismiss).

Asserted Patents[2] or of its alleged infringement before Plaintiff filed the original complaint—elements that are required to maintain pre-suit willful infringement claims. *See* Samsung's Renewed Partial Motion to Dismiss, D.I. 285 ("MTD") at 8–13. Acknowledging that fundamental failure, Plaintiff pivots to a barebones theory of willful blindness. *See* Opp. at 10. But the allegations in the FAC fall far short of the factual allegations that courts in this District have required to sustain such a theory. Nor does Plaintiff offer any facts to distinguish its post-suit willfulness allegations from the garden-variety conduct that courts routinely find insufficient to state a claim of post-suit willful infringement. Together, these deficiencies warrant dismissal of Plaintiff's willful infringement claims.

*Third*, Plaintiff's indirect infringement allegations similarly mirror those recited in the original complaint, which were likewise rejected by the WDTX court. D.I. 18. Regarding contributory infringement, Plaintiff resorts to re-interpreting the FAC to suggest that it alleged that the LEDs used in Samsung smartphones are the non-infringing "components" required under 35 U.S.C. § 271(c), which are then incorporated into allegedly infringing smartphones. But that is not what the FAC says. Rather, the FAC pleads contributory infringement by the "Accused Products," which the FAC defines as multifunctional smartphones (which undeniably have myriad substantial non-infringing uses)—***not*** contributory infringement by any particular components of those Accused Products. *See* FAC ¶¶ 25, 53, 66, 96, 110, 137. Regarding inducement, Plaintiff's Opposition fails to overcome the defects identified in Samsung's Motion because the FAC fails to allege pre-suit knowledge of the Asserted Patents, relies on generic product instructions that cannot plausibly satisfy the knowledge requirement of 35 U.S.C. § 271(b), and pleads no facts showing that Samsung specifically intended to encourage infringement.

Accordingly, Samsung respectfully requests that the Court dismiss Plaintiff's claims for willful and indirect infringement as to all patents asserted in the FAC. And because Plaintiff has had multiple opportunities to amend, yet still failed to cure the deficiencies in its pleadings—or, as here, decided to forego that opportunity by informing the Court that it would proceed under the FAC (*see* D.I. 276)— the dismissal should be with prejudice. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d

---

[2] The "Asserted Patents" in the FAC are U.S. Patent Nos. 8,941,137 (the "'137 Patent"), 8,952,405 (the "'405 Patent"), and 9,786,822 (the "'822 Patent").

1049, 1072 (9th Cir. 2008) (affirming dismissal with prejudice where plaintiff had multiple opportunities to amend but failed to cure deficiencies).

## II.    REPLY

### A.    Counts Two And Three Of The FAC Remain Live For Adjudication In This Case, And Plaintiff's Arguments To The Contrary Are Grounded In Misrepresentations Of Fact And Law.

Plaintiff argues that the EPR proceedings rendered its allegations concerning the '405 and '822 Patents moot, and Plaintiff proceeds under that assumption by addressing only the sufficiency of the FAC's allegations concerning the '137 Patent. *See* Opp. at 5–8. Plaintiff's assumption is dead wrong because it is based on critical—indeed, sanctionable—misrepresentations of both fact and law. Plaintiff cannot ask this Court to simply ignore the '405 and '822 Patents and condone Plaintiff's blatant forum-shopping. Plaintiff was not "free to commence a new litigation asserting infringement of the newly added claims" in the Eastern District of Texas just because the originally asserted claims of the '405 and '822 Patents were canceled or amended during EPRs. *See* Opp. at 1, 8 (citing *Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, 645 F.App'x 1018, 1025 (Fed. Cir. 2016)).

### 1.    Plaintiff Blatantly Misrepresents The Facts And History Of This Case.

Contrary to Plaintiff's arguments, *Target Training* does not support finding that Plaintiff's allegations concerning the '405 and '822 Patents are moot because—in addition to the reasons set forth in Samsung's Motion (MTD at 6–8)—Plaintiff ***actually asserted*** the reexamined claims of those patents in this very case. In *Target Training*, the Federal Circuit found certain infringement allegations moot because the plaintiff never asserted—or even attempted to assert—new claims that emerged from EPR in the district court litigation after all originally asserted claims were canceled. 645 F.App'x at 1025. The question presented in *Target Training* was "whether it was appropriate for the district court to dismiss the case," at the ***defendant's*** request, "when [the plaintiff] failed to amend its infringement contentions to assert infringement of any of the thirty newly added claims" obtained through the EPR. *Id.* at 1023. The Federal Circuit affirmed the dismissal because all of the original claims were canceled and "the newly added claims were never actually asserted in the existing litigation" (and the defendant had implicitly consented to dismissal of its counterclaims by moving to dismiss the entire case). *See*

Defendant's Motion for Summary Judgment at 5, *Target Training Int'l, Ltd. v. Extended Disc N. Am., Inc.*, No. 4:10-cv-03350 (S.D. Tex. Jan. 22, 2015), D.I. 252 ("[A]t a minimum, EDNA respectfully requests that the Court dismiss the present case with prejudice."); *see also Target Training*, 645 F.App'x at 1024 ("[Plaintiff] did not argue … that it had requested or moved for leave to amend its infringement contentions….").

Plaintiff attempts to draw a parallel to this case by arguing that, "[l]ike in *Target Training*, [Plaintiff] has not asserted any of the claims amended through reexamination proceedings here," and that "[Plaintiff] never opted to pursue the amended or added claims in this case." Opp. at 6, 8. That representation is categorically ***false***. After the EPRs concluded, Plaintiff served supplemental infringement contentions, explicitly accusing Samsung of infringing ***the new and amended claims*** of the '405 and '822 Patents that emerged from the EPRs. Ding Decl. Ex. 3 [January 23, 2025 Supplemental Infringement Contentions] at 2. Indeed, that supplemental disclosure was specifically meant to address the post-reexamination patents: "Plaintiff LED Wafer serves these supplemental contentions per the parties' agreement to address the results of the Defendant-initiated reexaminations of the Asserted Patents, including ***addressing new and amended claims that issued in those reexaminations*** and intervening products." Ding Decl. Ex. 3 at 2.[3] Plaintiff's supplemental infringement contentions specifically asserted the reexamined claims of the '405 and '822 Patents:

| Patent | Reexamined Claims That Were Asserted in Plaintiff's January 23, 2025 Supplemental Infringement Contentions |
|---|---|
| '405 Patent | Amended: 1–5, 12<br>Newly added: 18, 20–22 |
| '822 Patent | Amended: 1, 2, 5–9<br>Newly added: 15–17, 20 |

---

[3] Plaintiff's new counsel apparently never read the case file, which plainly reveals that Plaintiff's prior counsel already served infringement contentions asserting the reexamined claims of the '405 and '822 Patents. *See, e.g.*, D.I. 252. Although Plaintiff's new counsel's failure to sufficiently investigate may have resulted from its inability to obtain the case file from Plaintiff's prior counsel due to a fee dispute (Memorandum in Support of Plaintiff's Motion for a TRO at 2–7, *Fitch, Even, Tabin & Flannery LLP v. LED Wafer Solutions LLC*, No. 1:25-cv-11666, (N.D. Ill. Sept. 30, 2025), D.I. 7), that does not excuse Plaintiff's factual misrepresentations to this Court. Plaintiff's new counsel should have conducted a thorough investigation ***before*** making factual statements that are so clearly false. Indeed, Plaintiff's new counsel should have reviewed the case file prior to filing its Opposition, because Plaintiff and its prior counsel had settled their fee dispute as of November 20, 2025. *See* Minute Entry, *Fitch, Even, Tabin & Flannery LLP v. LED Wafer Solutions LLC*, No. 1:25-cv-11666, (N.D. Ill. Nov. 20, 2025), D.I. 47. Accordingly, Samsung reserves the right to seek Rule 11 and other sanctions in both the Eastern District of Texas and in this Court.

Ding Decl. Ex. 3 at 2.[4]  Both sides plainly understood that the reexamined claims were part of this case.  *See also, e.g.*, D.I. 222 [Joint CMC Stmt] at 9, 14 (parties discussing understanding that Plaintiff would supplement infringement contentions to include new and amended claims in this case).

Thus, unlike *Target Training*, where the Federal Circuit's decision rested on the fact that the plaintiff could have but failed to assert its reexamined claims in the litigation, thus bringing an end to the case, 645 F.App'x at 1023–24, **the exact opposite is true here**.  Accordingly, Plaintiff's reliance on *Target Training* to justify refiling Counts Two and Three of the FAC in another district court is sorely misplaced.

### 2.    Plaintiff Misrepresents The Procedural Posture Of *Target Training* And None Of Its Other Cited Cases Demonstrate That Counts Two And Three Are Moot.

Plaintiff also argues that in *Target Training*, "[t]he court granted **plaintiff's** motion to dismiss the case as moot" because the asserted patent emerged from EPR with newly added claims that were never asserted in the underlying litigation.  Opp. at 6.[5]  That argument is misplaced for two reasons. **First**, Plaintiff has it backwards.  In *Target Training*, the **defendant**—not the plaintiff—sought dismissal of both its own counterclaims and the plaintiff's affirmative infringement claims after all originally asserted claims were canceled in EPR.  645 F.App'x at 1021.  Thus, because the **defendant** sought dismissal in *Target Training*, the court was able to dismiss the entire case since the defendant implicitly consented to dismissal of its counterclaims.  *See* Defendant's Motion for Summary Judgment at 5, *Target Training*, No. 4:10-cv-03350, D.I. 252.  In contrast, Samsung does not seek dismissal of Plaintiff's direct infringement claims, and Samsung does not consent to dismissal of its counterclaims, which are directed to noninfringement and invalidity of **any** claims of the Asserted Patents.  Accordingly, Plaintiff's self-serving and illogical assumption—that it can unilaterally withdraw its direct infringement claims (without even filing a motion or obtaining any formal order to that effect) and ignore Samsung's counterclaims so that it can re-file the same claims in the Eastern District of Texas—is wrong.

---

[4] Plaintiff's recitation of the changes to the claims during EPR is inaccurate.  *See* Opp. at 3.  Only claim 16 of the '405 Patent was canceled; the rest were found patentable as amended or were added. *See* Joint Status Report, D.I. 215 at 2.

[5] All emphasis added unless otherwise noted.

1    **Second**, *Target Training* is further distinguishable because in that case all of the originally

2    asserted claims were canceled and only entirely new claims emerged from EPR.  Here, many of the

3    originally asserted claims survived in amended form.  Joint Status Report, D.I. 215 at 2.  Thus, unlike

4    in *Target Training*, and even putting aside that Plaintiff's supplemental infringement contentions

5    explicitly allege infringement of the reexamined claims, this case still involves the originally asserted

6    claims in amended form.  Joint Status Report, D.I. 215; *cf. B.E. Technology, LLC v. Groupon, Inc*.,

7    2:12-cv-02781-JPM-tmp, 2017 WL 11139705, at *2–3 (W.D. Tenn. Dec. 20, 2017) (dismissing

8    counterclaims as moot because all asserted claims were **canceled** during *inter partes* review ("IPR")).

9        Plaintiff's course-of-conduct reveals blatant forum shopping in a flagrant attempt to get its case

10   heard in the Eastern District of Texas rather than in the Northern District of California.[6]  Crucially,

11   *Target Training* (and the other cases Plaintiff cites in its Opposition) did not involve a plaintiff who

12   attempted to unilaterally drop patents in an ongoing litigation, only to then file a new case on the same

13   patents in what it perceives to be a more advantageous forum.  And, even more fatal to Plaintiff's

14   argument, Plaintiff **actually asserted** the new and amended claims against Samsung in this very case.

15   *See Target Training*, 645 F.App'x at 1021 ("[T]he court granted [**defendant**] **EDNA's** motion to

16   dismiss the case as moot" where the plaintiff did not assert the reexamined claims); *MyGo, LLC v.

17   Mission Beach Indus., LLC*, No. 16-CV-2350-GPC-RBB, 2018 WL 3438650, at *3–5 (S.D. Cal. July

18   17, 2018) (out-of-district case dismissing action as moot at the **defendant's** urging because the plaintiff

19   never properly asserted reexamined claims, whereas in this case Plaintiff served infringement

20   contentions asserting reexamined claims pursuant to the parties' explicit agreement and expectations);

21   *Capella Photonics, Inc. v. Cisco Sys. Inc*., No. 14-CV-03348-EMC, 2019 WL 4242665, at *3–4 (N.D.

22   Cal. Sept. 6, 2019) (finding action moot because new claims emerged from "newly **reissued** patent"—

23   not reexamined patent); *B.E. Technology, LLC*, 2017 WL 11139705 (out-of-circuit case where both

24   parties sought dismissal where all asserted claims were canceled in *inter partes* review, not amended);

25   Opp. at 5–8.  Accordingly, none of Plaintiff's cases condone its course of conduct here.

26

---

27   [6] Samsung intends to file a motion to dismiss the EDTX case (Complaint, *LED Wafer Solutions, LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:25-cv-00948-JRG (E.D. Tex. Sep. 15, 2025), D.I. 1)

28   based on, among other reasons, improper claim splitting, on or before Samsung's February 23, 2026 deadline to respond to that complaint.

### 3.     *Aspex* **Squarely States That Claims Emerging From Reexamination Do Not Create A New Cause Of Action.**

Plaintiff argues that *Aspex* was limited to "the narrow issue of the preclusive effect of that particular settlement on the particular future accusations between those parties." Opp. at 7–8.  That is a fundamental misreading of the case.  The Federal Circuit did not condition its opinion on the fact that the parties had a pre-existing settlement; rather, it stated that based on the text of the reexamination statute, 35 U.S.C. § 305, "claims that emerge from reexamination do not create a new cause of action that did not exist before."  *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc*., 672 F.3d 1335, 1342 (Fed. Cir. 2012).  In particular, the Federal Circuit stated that:

> Given the relationship between the original claims of the '545 patent and the amended and new claims that Aspex relies upon in this litigation, there is no force to Aspex's argument that the reexamination of the '545 patent created entirely new causes of action on which Aspex could freely sue, even though it had previously had an opportunity to sue on the corresponding original claims of the '545 patent. Aspex could have sought relief for infringement of original claim 23 of the '545 patent in the previous litigation against Revolution and Marchon, but it elected not to do so. To allow Aspex to pursue amended claim 23 and new claim 35 in this case would thus present a clear instance of "claim splitting," which is forbidden by the principles of res judicata.

*Id.* at 1341.  Moreover, after *Aspex*, the Federal Circuit clarified that the effect of reexamination on causes of action and the particular res judicata effect of a settlement agreement were two distinct holdings in that case:

> What is important for our understanding of this circuit's claim preclusion law is that the opinion in Aspex addressed four separate issues.  First was the issue in this case: whether a new cause of action arose as a result of the reexamination that had occurred; second was whether the same product was at issue in both cases (it was not an ANDA case); third was the effect of a settlement agreement between the parties; and fourth were certain claim construction issues the court undertook to address.

*Senju Pharm. Co., Ltd. v. Apotex Inc.*, 746 F.3d 1344, 1351 (Fed. Cir. 2014).  And *Senju* followed *Aspex*'s holding on reexamined claims:

> In this case we reach the same conclusion that the *Aspex* court did—claims that emerge from reexamination do not in and of themselves create a new cause of action that did not exist before. We reach this conclusion because a so-called "reexamined patent" is the original patent; it has just been examined another time as indicated in its reexamination certificate.

1  *Id.* at 1352.  Thus, Plaintiff's attempt to distinguish *Aspex* as being limited to the preclusive effect of

2  a settlement is directly contrary to Federal Circuit precedent.

3        **B.**    **Plaintiff Fails To Overcome The Deficiencies In Its Willfulness Pleadings.**

4        Plaintiff's Opposition fails to show that its allegations are sufficient to maintain a case for

5  willful infringement.  ***First***, regarding pre-suit willfulness, Plaintiff fails to show that it pleaded any

6  facts demonstrating that Samsung knew of the Asserted Patents or of its alleged infringement, or acted

7  with any deliberate or intentional intent, prior to this lawsuit.  ***Second***, Plaintiff fails to show that it

8  pleaded any facts to support post-suit willfulness other than the garden-variety conduct that courts in

9  this District routinely find insufficient (*i.e.*, receipt of the Complaint and continued sales of products).

10
11        **1.**    **Plaintiff's Pre-Suit Willfulness Allegations Fail To Show The Requisite Knowledge, Willful Blindness, Or Specific Intent.**

12        Plaintiff's Opposition confirms that the FAC fails to plead facts plausibly showing that

13  Samsung knew of the Asserted ***Patents***—or of its alleged infringement—before this lawsuit.  *See* Opp.

14  at 8–12.  The Opposition does not identify a single factually supported allegation in the FAC showing

15  that Samsung ever learned of the ***issued*** '137, '405, or '822 Patents or that Samsung ever gained

16  knowledge of its alleged infringement before the Complaint was filed.

17        As Samsung explained, knowledge of pending applications is legally insufficient to plead pre-

18  suit willfulness.  MTD at 8–10.  Unable to rebut this rule, Plaintiff instead suggests that "pleading

19  knowledge of a patent application and 'more' have been found to be sufficient" to allege pre-suit

20  knowledge.  Opp. at 8–9 (citing *Corephotonics, Ltd. v. Apple, Inc.*, No. 17-CV-06457-LHK, 2018 WL

21  4772340, at *8 (N.D. Cal. Oct. 1, 2018)).  But Plaintiff ignores that the "more" presented in

22  *Corephotonics* was deliberate willful blindness, which requires a higher pleading standard because

23  willful blindness is tantamount to actual knowledge.  *See Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563

24  U.S. 754, 766–67 (2011).  In particular, the *Corephotonics* court found that the defendant had actual

25  notice of ***issued patents*** and expressly told the patentee not to send additional patents—conduct that

26  plausibly showed deliberate avoidance.  2018 WL 4772340, at *8–9.  That court still agreed that

27  "knowledge of a pending patent application does not confer knowledge of an existing patent."  *Id*. at

28  *8. But the willful infringement claims survived dismissal because the plaintiff alleged specific facts

1    demonstrating the defendant's **deliberate efforts** to avoid confirming a high risk of infringement—*i.e.*,

2    the defendant emailed the plaintiff and asked the plaintiff not to send any patents. *Id*. at *8–10. And

3    by the time of that correspondence, two asserted patents had already issued. *Id*. at *9.

4        Here, by contrast, Plaintiff's allegations refer only to meetings that occurred **before** any

5    Asserted Patent—and even the '822 Patent application—existed. *See* FAC ¶¶ 39, 82, 123; MTD at

6    10. Plaintiff alleges no specific facts suggesting that Samsung took deliberate actions to remain

7    willfully blind. FAC ¶¶ 38–50, 81–93, 122–134. (Indeed, the FAC contains only a single paragraph

8    that even mentions willful blindness and that is limited to a single Asserted Patent. FAC ¶ 49.)

9        Plaintiff's allegations bear no resemblance to those that survived in *Corephotonics*; instead,

10   Plaintiff's allegations fail to even reach the level of those rejected in *Dali Wireless*. In *Dali Wireless*,

11   the court dismissed claims of willful infringement and rejected plaintiff's willful blindness theory,

12   even though the plaintiff alleged that the defendant had years of pre-suit communications with the

13   patentee, conducted extensive due diligence on its technology, and routinely monitored the patentee's

14   portfolio. *Dali Wireless, Inc. v. Corning Optical Commc'ns LLC*, 638 F. Supp. 3d 1088, 1095–1100

15   (N.D. Cal. 2022) (finding no plausible inference of willful blindness). Here, the FAC's allegations—

16   limited to meetings in 2013 concerning pending applications and the patentee's (not Samsung's)

17   technology—are far more attenuated than even those in *Dali Wireless*.

18       Nor does Plaintiff overcome its failure to plausibly plead deliberate or intentional infringement.

19   Plaintiff contends that the following is a "pleading of deliberate infringement" that is purportedly

20   "sufficient at the pleadings stage":

21       LED Wafer has pled that Samsung infringed while having knowledge of the
22       Asserted Patent. *See, e.g.*, FAC ¶ 38. The FAC further alleges that, after meetings
         with Viagan, Samsung released its products with the infringing LEDs that
23       incorporated the technology Viagan presented on and "did not take any remedial
         steps to avoid infringement upon issuance of the [asserted] patent." FAC ¶¶ 39–41.
24   Opp. at 12. Even putting aside the lack of knowledge of any issued patent, Plaintiff's theory amounts

25   to nothing more than an allegation of the coincidence of direct infringement and alleged knowledge

26   of the Asserted Patents. That is not sufficient to plead **specific intent to infringe**. *See Sonos, Inc. v.*

27   *Google LLC*, 591 F. Supp. 3d 638, 644 (N.D. Cal. 2022).

28

1    Accordingly, for each of those reasons, the FAC fails to sufficiently plead pre-suit willfulness.

2    **2.      Plaintiff Cannot Base Post-Suit Willfulness On The Complaint Alone.**

3    Plaintiff's Opposition rests on the flawed premise that service of a complaint renders any

4    subsequent infringement willful. *See* Opp. at 13–14. That position is contrary to the great weight of

5    authority in this District. *See, e.g.*, *P2i Ltd. v. Favored Tech USA Corp.*, No. 23-CV-01690-AMO,

6    2024 WL 4294652, at *9 (N.D. Cal. Sept. 24, 2024) ("[M]ost courts in this district reject that a

7    complaint alone renders accused infringement willful without other pre-suit indicia.") (citing *Finjan,*

8    *Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017); *Dali*

9    *Wireless, Inc. v. Corning Optical Commc'ns LLC*, No. 20-CV-06469-EMC, 2022 WL 1426951, at *3–

10   4 (N.D. Cal. May 5, 2022)).

11   Even the NDCA cases Plaintiff cites—*Traxcell Techs. LLC v. Google LLC* and *MasterObjects,*

12   *Inc. v. Amazon.com, Inc.*—do not adopt a *per se* rule that service of a complaint renders accused

13   infringement willful. *See* Opp. at 13. Moreover, the court in *Traxcell* permitted post-suit willfulness

14   to proceed only as to induced infringement, not direct or contributory infringement. No. 22-CV-

15   04807-JSC, 2022 WL 17072015, at *7 (N.D. Cal. Nov. 17, 2022). And in *MasterObjects*, the court

16   permitted a post-suit willfulness claim only because the defendant engaged in extensive post-filing

17   misconduct, including "untenable" claim construction arguments demonstrating that it had no good-

18   faith defenses, and boilerplate contentions and copied defenses from other parties—far beyond merely

19   continuing to provide the allegedly infringing instrumentality after the complaint was filed. *See* No.

20   C 20-08103 WHA, 2021 WL 4685306, at *6 (N.D. Cal. Oct. 7, 2021).

21   Here, by contrast, the FAC alleges only garden-variety post-suit conduct, claiming only that

22   Samsung "has not taken any steps to design around or otherwise avoid infringing" the Asserted

23   Patents, such as by ceasing sales of the accused products. MTD at 15 (citing, *e.g.*, FAC ¶¶ 41, 84,

24   125); *see also* Opp. at 13 ("LED Wafer filed its Original Complaint against Samsung on March 25,

25   2021, and the FAC alleges that Samsung continues to infringe the Asserted Patent by selling the

26   accused products after filing of the complaint."). But continued product sales after being sued, absent

27   factually supported allegations of deliberate intent, do not plausibly plead post-suit willfulness. *See*

28

MTD at 15.[7]

Accordingly, the FAC fails to sufficiently plead post-suit willfulness.

### C.    Plaintiff Fails To Overcome The Deficiencies In Its Indirect Infringement Pleadings.

Plaintiff fails to explain how the FAC plausibly alleges facts that satisfy the elements required for indirect infringement. With respect to contributory infringement, Plaintiff: (1) mischaracterizes the FAC, shifting from the FAC's allegations directed to entire smartphones to a newly contrived theory focused on the semiconductors used in those products' flash LEDs (*See* Opp. at 15–16); (2) fails to address the undeniable fact that the Accused Products have numerous substantial non-infringing uses, instead limiting its argument to the use of those products' flash LEDs (Opp. at 16–17); and (3) fails to plausibly show that Samsung knew of the Asserted Patents.  With respect to inducement, Plaintiff: (1) fails to allege any facts to plausibly show that Samsung knew of the Asserted Patents, instead resting its theory on Samsung's alleged awareness of pending applications; (2) relies on generic product instructions that cannot plausibly show Samsung's knowledge that any allegedly induced acts constitute infringement; and (3) pleads only generalized assertions that Samsung conducts regular marketing and sales of its products, which are insufficient to establish specific intent.

#### 1.    Plaintiff's New Contributory Infringement Theory Contradicts The FAC.

***First***, Plaintiff, having apparently recognized that its contributory infringement allegations are deficient as pleaded, invents an entirely new theory that is not present in the FAC.  Plaintiff asserts in its Opposition that the "semiconductor LED is a component of the flash LED.  And [Plaintiff] has pled that Samsung imports the semiconductor LED."  Opp. at 16 (citing FAC ¶ 53).  Not so.  The FAC does ***not*** allege contributory infringement by a semiconductor LED ***component***.  Instead, the FAC pleads:

> 53. Defendants have knowingly ***contributed to direct infringement*** by their customers by having imported, sold, and/or offered for sale, and knowingly importing, selling, and/or offering to sell within the United States the '137 ***Accused***

---

[7] Plaintiff's reliance on Samsung's IPR petitions to purportedly show "further evidence of 'egregiousness'" (FAC ¶¶ 46, 89, 130) likewise does not salvage its post-suit willfulness theory. Those proceedings concern ***validity***, not alleged infringement or knowledge of infringement.  *See* MTD at 15–16 (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 643 (2015)).

*Products* which are not suitable for substantial noninfringing use and which are especially made or especially adapted for use by its customers in an infringement of the asserted patent.

FAC ¶ 53; *see also id.* ¶¶ 96, 137.  In other words, the FAC pleads contributory infringement by the Accused Products themselves—not particular components of those products.  Critically, the FAC describes the "Accused Products" as ***smartphones***—***not the semiconductors*** used to make flash LEDs. *See* FAC ¶ 66 ("Exemplary infringing products include, but are not limited to, the Samsung Galaxy S22 smartphone, and other Samsung mobile phones that contain a flash LED."); *see also id.* ¶¶ 25, 110.  And despite updating the list of Accused Products multiple times to add new smartphones, Plaintiff did not accuse Samsung of infringing the Asserted Patents by importing the semiconductors themselves.  *See, e.g.*, Ding Decl. Ex. 3 at 3–4 (listing only Samsung phones and tablets under "Accused Instrumentalities").

Plaintiff acknowledges that contributory infringement requires plausibly pleading that "Samsung imported a ***component*** of a patented machine where the component itself does not infringe, but the machine or combination for which the component was especially made infringes the patent." *See* Opp. at 15.  Plaintiff, however, completely fails to show why pleading importation/sales of a ***final product***—in this case, a smartphone or tablet—constitutes pleading that a non-infringing ***component*** was imported/sold.  *See Berall v. Pentax of Am., Inc.*, No. 10-CV-5777 (LAP), 2021 WL 3934200, at *8 (S.D.N.Y. Sept. 2, 2021) ("[A]lmost definitionally, an entire product cannot itself be a component of that same product.").

Courts have repeatedly dismissed claims of contributory infringement where, like here, the imported end-user product already includes the allegedly contributorily infringing component.  *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, No. 20-cv-1197-LPS, 2021 WL 1785072, at *5 (D. Del. May 5, 2021), *report & recommendation adopted*, 2021 WL 5860783 (Aug. 12, 2021) ("The Court agrees with Tonal that the 'Tonal Device itself cannot be a "component" of a patented machine, because ICON [is alleging] that the Tonal Device *is* the patented machine, and thus directly infringes the asserted patents.'"); *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-cv-770-RGA, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014) ("[T]he accused semiconductor chips are not components especially

1  designed for an infringing product because they are accused of direct infringement in and of

2  themselves.").

3      **Second**, Plaintiff fails to show how the FAC plausibly pleads that the Accused Products lack

4  substantial non-infringing uses. Plaintiff suggests that "***semiconductor LEDs*** imported by Samsung

5  have no other substantial non-infringing use other than as a light emitting camera flash." Opp. at 16–

6  17. But that argument sidesteps Plaintiff's failure to establish contributory infringement for the

7  products it accuses. Plaintiff, having pleaded contributory infringement with respect to the ***Accused***

8  ***Products*** (*i.e.*, smartphones, as Plaintiff defined them), must demonstrate that those products—and

9  not the semiconductor LEDs contained therein—have no substantial non-infringing uses. Here, the

10  Accused Products—multifunctional smartphones and tablets—undeniably have countless non-

11  infringing uses beyond turning on an LED flashlight. *See* MTD at 17.

12      Apparently recognizing that its new theory is wholly absent from the FAC, Plaintiff attempts

13  to salvage its actual pleadings by arguing that the "general allegation that the accused products 'have

14  no substantial non-infringing uses' suffices." *See* Opp. at 16 (citing *Intrepid Automation, Inc. v. 3D*

15  *Sys., Inc.*, No. 24-CV-2262-AGS-DDL, 2025 WL 1940192, at *4 (S.D. Cal. July 15, 2025)). But

16  *Intrepid Automation* does not apply here. In *Intrepid Automation*, the court permitted a general

17  allegation of no substantial non-infringing uses only because, in that specific instance, the information

18  needed to plead more detail regarding the absence of non-infringing uses lay exclusively with the

19  defendant prior to discovery. *See* 2025 WL 1940192, at *4. Here, by contrast, the FAC is deficient

20  because of Plaintiff's self-inflicted error, not for lack of discovery. The FAC states that the allegedly

21  imported "Accused Products" are Samsung smartphones—not individual semiconductors or flash

22  LEDs—while Plaintiff's Opposition inconsistently addresses only a lack non-infringing uses of the

23  flash LEDs. *See* Opp. at 16 ("These contentions describe … how the S22's ***flash LED*** meets the

24  limitations of claim 1 of each asserted patent.").

25      These facts also distinguish the instant matter from *Gamevice, Inc. v. Nintendo Co.*, No. 18-

26  CV-01942-RS, 2018 WL 5310792 (N.D. Cal. Aug. 6, 2018). There, a conclusory allegation of no

27  substantial non-infringing uses was sufficient because the accused product was an "accessory[]

28  [whose] reasonable uses all involve interfacing with a gaming device," which was required by the

asserted claims. *Id.* at *4. Here, by contrast, a smartphone or tablet: (1) is not a component of the allegedly patented machine (rather, it *is* the allegedly patented machine); and (2) plainly has countless substantial non-infringing uses wholly unrelated to the Asserted Patents—a fact that remains unaddressed in Plaintiff's Opposition.

**Third**, for the same reasons identified in Section II.B.1 and in Samsung's Motion, Plaintiff's FAC fails to plausibly plead pre-suit knowledge of the Asserted Patents. MTD at 8–11. Plaintiff's argument that the FAC alleges Samsung provided instructions, customer support, and marketing information is of no moment—it is wholly unclear how those materials pertain to either knowledge of the Asserted Patents or to Samsung's knowledge that its customers infringed. *See* Opp. at 15. And although Samsung's opening brief demonstrated that the FAC fails to allege *how* an end user would infringe by following Samsung's instructions, Plaintiff offers no authority in its Opposition to counter that showing. *See* MTD at 19 (citing *P2i*, 2024 WL 4294652, at *7).

Accordingly, the FAC fails to sufficiently plead contributory infringement.

> **2.      Plaintiff's Induced Infringement Claims Fail To Plead Knowledge Of The Asserted Patents, Knowing Inducement Of The Allegedly Infringing Acts, Or Specific Intent To Induce Infringement.**

Plaintiff's Opposition does not cure the core shortcomings in its induced infringement allegations. **First**, as explained in Section II.B.1, the FAC fails to allege any facts showing that Samsung knew of the Asserted Patents before this lawsuit. Plaintiff's inducement allegations rest on the same defective theory for willfulness: alleged notice of *pending applications*—not issued patents. *See* Opp. at 17.

**Second**, Plaintiff fails to overcome Samsung's authorities demonstrating that allegations of generic "instructions or information" are insufficient to show that a defendant knowingly induced infringing acts. *See* Opp. at 18; MTD at 19. *P2i* makes clear that mere "allegations of 'instructions or information,' without more detail about those instructions or information or 'infringing uses,' fall flat as far too imprecise." 2024 WL 4294652, at *7. As this Court explained in *P2i*, courts in this District "draw a distinction between allegations that cite instructions generically"—as the FAC does here (*see, e.g.*, FAC ¶ 56 ("Defendant's website instructs customers and/or end-users to 'use the

1  flashlight on your Galaxy phone.'")—and "allegations that identify the specific instructions that

2  induce infringement." *Id*. Moreover, the FAC is completely devoid of allegations detailing ***how*** an

3  end user would necessarily infringe by following the instructions. *See* FAC ¶¶ 59, 102, 143;

4  *Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-06137, 2019 WL 1455336, at *3 (N.D. Cal.

5  Apr. 2, 2019) (dismissing induced infringement claims).

6      ***Third***, Plaintiff fails to overcome Samsung's authorities demonstrating that ordinary product

7  instructions do not plausibly demonstrate a specific intent to encourage infringement. *See* MTD at

8  19–20. Plaintiff's cited cases—*Nalco* and *Akamai* (*see* Opp. at 19)—are readily distinguishable. In

9  *Nalco*, the Federal Circuit upheld induced infringement where the complaint alleged that the

10  defendants had actual knowledge of the asserted patent and then provided instructions, support, and

11  technical assistance for customers to use the specific accused chemical solution in an infringing

12  configuration. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355–56 (Fed. Cir. 2018). *Akamai*

13  involved allegations that, after learning of the asserted patent, the defendant updated its website to

14  continue instructing infringing uses of its CDN technology. *Akamai Techs., Inc. v. MediaPointe, Inc.*,

15  No. 2:22-CV-06233-MCS-AFM, 2023 WL 4155394, at *2 (C.D. Cal. Jan. 4, 2023). As that court

16  explained, specific intent may be inferred when an accused infringer advertises "benefits that can be

17  achieved ***only through use of [what is claimed in] the asserted patent***." *Id*. at *3 (internal citations

18  omitted).

19      Here, by contrast, Plaintiff pleads nothing more than generalized assertions that Samsung

20  engages in ordinary marketing and sales of its smartphones. *See, e.g.*, FAC ¶¶ 55–58, 98–101, 139–

21  142. Plaintiff fails to overcome Samsung's authorities demonstrating that such generic activities are

22  insufficient to plausibly plead specific intent to encourage infringement. *See* MTD at 20 (citing, *e.g.*,

23  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1329 (Fed. Cir. 2009)).

24      Accordingly, for each of those reasons, the FAC fails to sufficiently plead inducement.

25  **III.    CONCLUSION**

26      For the reasons set forth in Samsung's Renewed Partial Motion to Dismiss (D.I. 285) and in

27  this Reply, Samsung respectfully requests that the Court dismiss Plaintiff's claims for willful and

28  indirect infringement as to all patents asserted in the FAC with prejudice.

Dated: December 5, 2025

*/s/ Cosmin Maier*
John M. Desmarais (CA SBN 320875)
DESMARAIS LLP
101 California Street
San Francisco, California 94111
Tel: (415) 573-1900
Fax: (415) 573-1901
jdesmarais@desmaraisllp.com

Cosmin Maier*
Paul Bondor*
Yung-Hoon Ha*
Taeg Sang Cho*
Frederick J. Ding*
Gillian Moore*
Patrick Reilly*
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
Tel: (212) 351-3400
Fax: (212) 351-3401
cmaier@desmaraisllp.com
pbondor@desmaraisllp.com
yha@desmaraisllp.com
tcho@desmaraisllp.com
fding@desmaraisllp.com
gmoore@desmaraisllp.com
preilly@desmaraisllp.com

*\* Pro hac vice*

*Counsel for Defendants*
*Samsung Electronics Co., Ltd. and*
*Samsung Electronics America, Inc.*

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on December 5, 2025 I electronically filed the above document with the

3   Clerk of the Court using CM/ECF, which will send electronic notification of such filings to all

4   registered counsel.

5       Dated: December 5, 2025                    _____ *_/s/ Cosmin Maier_____*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28